ALLEN BREED

*v.*

CHARLES T. GORHAM *et al.*

*Filed at Ottawa November 20, 1883.*

1. JUDGMENT—LIEN—*on after acquired land.* Where an execution is issued upon a judgment in a court of record within one year from the time it is rendered, the judgment will become a lien upon any real estate the defendant in the judgment may acquire subsequent to its rendition, and within seven years; but if no execution is issued thereon within a year, no lien will exist.

6—108 ILL.

2. Where it is made to appear from the evidence that an execution was issued upon a judgment within one year after its rendition, and placed in the hands of the sheriff, the lien of the judgment will attach, although such execution becomes lost, and is never returned to the clerk's office.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. MORTON CULVER, for the appellant:

Execution must issue on the judgment within a year from the time it first actually attaches to the specific property. Execution must also issue within one year from rendition of the judgment. *Eames* v. *German Turn Vercin,* 74 Ill. 54; *Harris* v. *Cornell,* 80 id. 54; *Hernandez* v. *Drake,* 81 id. 34; *St. Joseph Manf. Co.* v. *Daggett,* 84 id. 556; *Barron* v. *Thompson,* 54 Texas, 235.

A judgment lien in the State of Illinois is purely statutory, and, under the terms of the statute of 1872, does not attach to after acquired property of the judgment debtor. *Calhoun* v. *Snider,* 6 Binn. (Pa.) 135; *Richter* v. *Slin,* 8 S. & R. 439.

The lien is discharged unless execution issue within one year from the time it first attached. *Hernandez* v. *Drake,* 81 Ill. 34.

Colby took his title to these premises, if at all, on May 1, 1881. *Richter* v. *Slin,* 8 S. & R. 440; *Rappleye* v. *International Bank,* 93 Ill. 402.

The lien attaches upon an equitable title. It did so attach on the equitable title of Colby, on that day. *Rogers* v. *Brent,* 5 Gilm. 573; *Niantic Bank* v. *Dennis,* 37 Ill. 381; *Maghee* v. *Robinson,* 98 id. 466.

The lien of the judgment had attached. before the second execution issued, and there was such negligence in pursuit of the lien by the second execution, as well as the first, as to cause that lien, if one existed, to become dormant as against

an innocent purchaser. The law does not favor the transforming of judgment liens into mortgages. *Bennett* v. *Gamble,* 1 Texas, 124; *Towns* v. *Harris,* 13 id. 507; *Gilmore* v. *Davis,* 84 Ill. 487; *Garner* v. *Willis,* Breese, 368; *Ross* v. *Weber,* 26 Ill. 221; *Davidson* v. *Waldron,* 31 id. 121; Freeman on Executions, sec. 206.

The judgment in that court being dormant, execution could not properly issue thereon until it was revived by *scire facias. Chase* v. *Frost,* 60 Ill. 143.

The plaintiff in the case of Gorham against Colby was not entitled to an *alias* execution upon the showing made. *Kellogg* v. *Buckler,* 17 Ga. 190; *Walls* v. *Smith,* 19 id. 11; *Purdon* v. *Purdon,* 2 Miles, (Pa.) 173; *Taylor's Appeal,* 1 Pa. St. 392.

Messrs. CRANE & ABBOTT, for the appellees:

The judgment became a lien for seven years if execution was issued thereon within one year from its date. Rev. Stat. chap. 77, sec. 1.

An actual delivery of execution to the sheriff is not necessary except when the lien depends upon such delivery. *Merchants' Ins. Co.* v. *Schrœder,* 104 Ill. 171; *Burdick* v. *Green,* 18 Johns. 14.

The delivery of an execution to the sheriff, and the date of delivery, may be proved by any competent evidence, and the sheriff's neglect to indorse the date of receiving a writ does not affect its validity, or plaintiff's rights thereon. Freeman on Executions, sec. 98; *Hale's Appeal,* 44 Pa. St. 439; *Johnson* v. *McLane,* 7 Blackf. 501; *Hester* v. *Keith,* 1 Allen, 316; *Fletcher* v. *Pratt,* 4 Vt. 182.

Leaving the writ at the sheriff's office is a delivery to him. Freeman on Executions, sec. 298.

The lien on personal property may be postponed to junior execution by the plaintiff instructing the officer not to levy. (*Gilmore* v. *Davis,* 84 Ill. 487; *Ross* v. *Weber,* 26 id. 224.)

But mere omission to have a levy made is no waiver of the lien on real estate. That is good for seven years. *Rogers* v. *Dickey,* 1 Gilm. 644; *McHany* v. *Schenk,* 88 Ill. 357.

The judgment becoming a lien on any lands the debtor then owned, the same lien attached to property subsequently acquired. Freeman on Executions, p. 295, sec. 197; *Lea* v. *Hopkins,* 7 Pa. St. 492; *Wales* v. *Bogue,* 31 Ill. 464; *Root* v. *Curtis,* 38 id. 192.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 10th day of October, 1879, appellee Charles T. Gorham recovered a judgment in the Superior Court of Cook county, against Gilbert A. Colby, for the sum of $5500. On the same day an execution was made out on the judgment by the clerk of the court. On the 1st day of October, 1881, Colby obtained a deed for the land involved in this litigation, which was recorded on December 8, following. Colby and one Gardner had some business transactions together, on the adjustment of which a bill in chancery was filed, and it is claimed that the land in question, under decree of court, was sold by a receiver, and purchased April 1, 1882, by Allen Breed, appellant. On the 8th day of September, 1882, Charles T. Gorham sued out an *alias* execution on his judgment, which was delivered to the sheriff, and a levy made on the property in controversy. The sheriff advertised the property for sale, and this bill was filed by Breed, the purchaser under the receiver's sale, to remove appellees' judgment lien as a cloud upon his title.

The question presented by this record is, whether Gorham, who obtained a judgment against Colby on the 10th day of October, 1879, acquired a lien on the lands in question which was superior to the subsequently acquired title which appellant, Breed, obtained in April, 1882, under the receiver's sale.

Section 1, chapter 77, of the statute, provides "that a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years. * * * When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien." Colby purchased this property October 1, 1881, and the judgment would become a lien upon it from the time he made the purchase, providing an execution was issued on the judgment within one year from the time it was rendered, otherwise no lien existed. On the day the judgment was rendered an execution was ordered, and in due form made out by the clerk of the court, but no trace of the execution could ever be found in the hands of the sheriff or any of his deputies, and from this fact it is contended that an execution was not issued, within the meaning of the statute.

It will not be necessary to determine, in this case, whether the mere fact that a clerk of a court makes out an execution in proper form, and delivers it to the plaintiff or his attorney, or keeps it in his office, can be regarded as issuing an execution, within the meaning of the statute. The court, on the hearing, found that the evidence introduced by the defendant in the bill was sufficient to establish the fact that the execution was delivered to the sheriff, and if this finding was sustained by the evidence, as we think it was, such finding of fact is conclusive of the case, and the other question is immaterial.

It appears, from the evidence, that the sheriff of Cook county kept a book in which all executions received by him were entered; that he also kept an execution clerk, whose duty it was to receive executions and make the proper entry in the book, and then pass them over to the chief deputy sheriff. These officers all testify that they have examined

the book kept by the sheriff, and find no entry of the execution in question, and they have no knowledge of such an execution. In addition to this the execution was never returned to the clerk of the Superior Court. This testimony, in the absence of other evidence, might be regarded as sufficient to make out a *prima facie* case that the execution was never delivered to the sheriff; but to overcome the force and effect of this testimony the defendant showed that on the day the judgment was rendered an execution was ordered, and the clerk's record shows that on that day an execution was made out by the clerk in proper form. Crane testified that he ordered the execution, and requested one Johnson to get the execution and deliver it to the sheriff; that he saw Johnson with the execution in his possession, and he was then on his way to the sheriff's office. Johnson testified that he got the execution from the clerk, and delivered it to some of the sheriff's employés in the sheriff's office. If these witnesses are reliable, (and we perceive nothing in the record to impeach their credibility,) it seems plain that the execution was actually delivered to the sheriff, and the sheriff, or his deputies, in the hurry of business, failed to make the accustomed entry in the record which they kept for that purpose. At all events, the evidence introduced upon this point was, in our judgment, sufficient to authorize the finding of the court that the execution was issued as required by the statute. If it was, then the property purchased by the defendant in the judgment became subject to the lien provided by the statute.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*