### JAMES A. SMITH *et al.*

*v.*

### HENRY MACE.

*Filed at Ottawa March 30, 1891.*

1. REDEMPTION *by judgment creditor—conditions to such redemption, and its effect—homestead right.* It is the policy of the law to encourage redemptions of property from judicial sales by judgment creditors, and the debtor can not complain, as he is thereby deprived of nothing and is discharged of additional indebtedness.

2. Where land has been sold under a decree foreclosing a mortgage, in which the debtor's homestead right in the premises was duly released and waived, and the property was redeemed from such sale by a judgment creditor of the mortgagor, who, however, has, himself, no specific release of the homestead, and the premises are sold on his execution, the purchaser will take the land free of the debtor's homestead estate.

3. The purpose and effect of the act of 1873 are to prevent a "specific release, waiver or conveyance of the homestead for one purpose" from being used for a different purpose. It has no relevancy to the effect of a sale of the property, as to which there has been a "specific release, waiver or conveyance" of the homestead in a mortgage, pursuant to the terms of the mortgage, or the right of judgment creditors to redeem from such sale.

4. The effect of a redemption by the debtor of land sold under a decree of foreclosure, under section 18, chapter 77, of the Revised Statutes, is to remove the incumbrance, and in such case a junior judgment creditor takes no benefit from the release of the homestead contained in the mortgage, and if he wishes to levy his execution thereon he must take the proper steps to have the debtor's homestead set off, and levy on the land not so set off.

5. A redemption by a judgment creditor pursuant to the statute, (Rev. Stat. chap. 77, secs. 20-24,) *ipso facto*, creates a specific lien in the property redeemed, in his favor, which relates back to the date of the judgment under which the sale was made.

6. A title acquired at an execution sale upon redemption by a junior judgment creditor, relates back to the judgment from which the redemption was made, and is paramount to any title acquired subsequent to the beginning of the lien of that judgment, although the junior judgment may not itself have been a lien upon the property redeemed. It is the lien of the senior judgment that is enforced.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This is an action of ejectment, brought by James A. Smith and wife, against Henry Mace, to recover the possession of one hundred and sixty acres of land in Knox county. The cause was tried by the court without a jury, who found for the defendant.

Mr. L. HARMON, and Messrs. McCULLOCH & McCULLOCH, for the appellants:

A waiver or release of the homestead in any one deed for the benefit of any one creditor or class of creditors can not be taken advantage of by another. Laws of 1887, p. 178; *Brown* v. *Cozard*, 68 Ill. 178; *People* v. *Stitt*, 7 Bradw. 294; *Bank* v. *Briggs*, 22 id. 228; Jones on Mortgages, sec. 1693; *McTaggert* v. *Smith*, 14 Bush, 414; *Colby* v. *Crocker*, 17 Kan. 527; *Kidd* v. *Crocker*, 29 Pa. St. 362; *Quinn's Appeal*, 86 id. 447.

By the redemption appellants became re-invested with all the right, title and interest, including the right of homestead, they had prior to the execution of the mortgages. *Clingman* v. *Hopkie*, 78 Ill. 152.

Even where the execution under which the redemption is made is void, yet the redemption will stand good, although the purchaser under the execution sale acquires no title. *Borders* v. *Murphy*, 78 Ill. 81; *Clingman* v. *Hopkie*, id. 152; *Mulvey* v. *Carpenter*, id. 581; *Meyer* v. *Mintonye*, 106 id. 414; *Brooks* v. *Sanders*, 110 id. 453.

If, therefore, two persons mortgage their property, and it is sold on decree of foreclosure, and redeemed by the judgment creditor of one of them, the interest of the other is set free, and the execution creditor can sell only the interest of his debtor. *Fischer* v. *Eslaman*, 68 Ill. 78; *Durley* v. *Davis*, 69 id. 133.

A sale under a decree of foreclosure extinguishes the lien of the mortgage, and a redemption from such sale extinguishes the lien of the certificate of purchase. *Seligman* v. *Laubheimer*, 58 Ill. 124; *Bennitt* v. *Mining Co.* 119 id. 9.

Both mortgages were foreclosed by the same bill and decree. The lien of the first was extinguished by the sale, and the payment of the purchase money to the holders. The second was wholly extinguished by the decree, the sale, and by the redemption.

A sale of the homestead without pursuing the statute is void, not only as to the $1000 exemption, but *in toto*. *Hartwell* v. *McDonald*, 69 Ill. 293; *Conklin* v. *Foster*, 57 id. 104; *Stevens* v. *Hollingsworth*, 74 id. 202; *Barrett* v. *Wilson*, 102 id. 302; *Nichols* v. *Spremont*, 111 id. 631; *Hubbell* v. *Canady*, 58 id. 425.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for the appellee:

It is not competent for any man, volunteering unasked to extinguish the debt of another, to thereby substitute himself to the rights of the creditor. Such payment absolutely extinguishes the debt. 1 Lead. Cas. in Eq. (3d Am. ed.) 154; *Sanford* v. *McLain*, 3 Paige, 117.

Our statute provides for the attainment of such subrogation by the junior judgment creditor without resort to equity. Rev. Stat. chap. 77, secs. 20-28; *Sweezy* v. *Chandler*, 11 Ill. 445; *Lamb* v. *Richards*, 43 id. 311; Rorer on Judicial Sales, (2d ed.) sec. 1195.

The essential prerequisite being, that at the time of making such redemption the party making it be the legal or equitable owner of a valid judgment against the common debtor, and a valid execution thereon, in the sheriff's hands, in such case it is not essential that the judgment be a lien on the lands redeemed. Ibid.

Nor will mere irregularities, such as issuance in the name of the assignee, work ill. *Schuck* v. *Gerlach*, 101 Ill. 338.

The beneficent intent of our statute is aptly stated by this court in *Sweezy* v. *Chandler,* 11 Ill. 449, *Lamb* v. *Richards,* 43 id. 312, and *Karnes* v. *Lloyd,* 52 id. 116.

Such redemption operates as a transfer to the redeeming creditor, of the purchaser's rights in the property, and entitles him to a conveyance, if no redemption is made from him in the time and manner required by law. Freeman on Executions, sec. 321, p. 524.

The redemption by a judgment creditor is never of the defendant's present estate, nor is the sale under the junior judgment of the defendant's interest. The whole proceeding is the exercise of a statutory right which has been provided for the benefit of creditors as well as debtors. *Sweezy* v. *Chandler,* 11 Ill. 443.

After the expiration of twelve months the decree or judgment debtor has no interest remaining in the property. *Fitch* v. *Wetherbee,* 110 Ill. 475; *Bozarth* v. *Largent,* 128 id. 95.

A party having no statutory right, by redeeming can acquire no right thereby. He is a mere volunteer. But if the holder of the certificate of purchase chooses to accept the offer so unwisely made, the result is, as uniformly held by this court, to cancel the previous sale, divest the lien and restore the property intact to the judgment debtor. *Borders* v. *Murphy,* 78 Ill. 81; *Clingman* v. *Hopkie,* id. 152; *Mulvey* v. *Carpenter,* id. 581; *Meyer* v. *Mintonye,* 106 id. 414.

Messrs. JACK & TICHENOR, also for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellants mortgaged their homestead, relinquishing and waiving all their rights therein in conformity with the requirements of the statute. The mortgage was foreclosed and the homestead sold, and appellants failed to redeem from the sale. After the expiration of twelve months and before the expira-.

tion of fifteen months from the date of the sale, a junior judgment creditor, as to whom there was no relinquishment or waiver, in writing, of appellants' rights of homestead, redeemed from the sale under the mortgage, had the property sold on an execution issued on his judgment, became the purchaser of the property at the sale, and received a sheriff's deed therefor. The question is, does this deed convey the homestead to appellee.

It is contended in argument, on behalf of appellants, that the act approved June 17, 1887, to amend an act entitled "An act to exempt the homestead from forced sale, and to provide for setting off the same, * * * approved June 30, 1873," (Public Laws of 1887, p. 178,) controls the question. An attentive examination of that act will, in our opinion, disclose that its only purpose and effect are to restrict the mortgage to the "specific release, waiver or conveyance,"—in other words, to prevent a "specific release, waiver or conveyance" of the homestead for one purpose from being used for a different purpose. But it has not the slightest relevancy to the effect of a sale of the property as to which there has been a "specific release, waiver or conveyance" of the homestead, in a mortgage, pursuant to the terms of that mortgage, or the right of judgment creditors to redeem from such sale. In such case there is no extension of the "specific release, waiver or conveyance" of the homestead, but a divesting of the homestead title in the property as to which there is a "specific release, waiver or conveyance" of the homestead.

The next contention on behalf of appellants is, that "by redeeming from the prior sale the judgment creditor simply removes an incumbrance out of the way of his execution," etc. That is the effect of a redemption by the defendant under section 18, chapter 77, of the Revised Statutes of 1874, but a redemption by a judgment creditor pursuant to the provisions of sections 20, 21, 22, 23 and 24 of the same chapter, *ipso facto* creates a specific lien in the property redeemed, in

his favor. A title acquired at an execution sale upon redemption by a junior judgment creditor relates back to the judgment from which the redemption is made, and is paramount to any title acquired subsequent to the beginning of the lien of that judgment. The junior judgment may not, itself, have been a lien upon the property redeemed,—it is the lien of the senior judgment that is enforced. *Sweezy* v. *Chandler*, 11 Ill. 449; *McLagan* v. *Brown*, id. 526; *Blair et al.* v. *Chamblin et al.* 39 id. 521; *Massey* v. *Westcott*, 40 id. 160; *Karnes* v. *Lloyd*, 52 id. 113; *Pease* v. *Ritchie et al.* 132 id. 644.

By failing to redeem from the sale under the decree of foreclosure within twelve months from the date of that sale, appellants lost all right to redeem. By the legal effect of their mortgage they authorized their homestead to be sold and the purchaser at the sale to acquire all the title thereto that they had, reserving to themselves only this right to redeem from the sale within twelve months, and it must follow, when they failed to make this redemption their rights were gone. Undoubtedly, the purchaser at the sale might extend their time for redemption, and allow them to redeem afterwards; but this would be by his grace and favor, and not because of their legal right.

In *Borders* v. *Murphy*, 78 Ill. 81, *Clingman* v. *Hopkie*, id. 152, *Meyer* v. *Mintonye*, 106 id. 414, and *Brooks* v. *Sanders*, 110 id. 453, cited by counsel for appellants, redemption money was paid by parties claiming to redeem as judgment creditors, who, in fact, were not such within the contemplation of the statute, and the money was accepted by the purchasers at the sales under the senior judgments as redemptions from their sales. It was held, that though the parties attempting to redeem acquired no rights thereby, the acceptance of the money paid to the purchasers at the sales under the senior judgments, as a redemption, had that effect, and removed from the property all liens created by such judgments and sales. The doctrine of these decisions is, simply, this: a party accepting

money as a redemption of property from a sale is thereafter estopped from saying that the property is not redeemed. Being redeemed from the sale, the property is no longer encumbered by it, and it ceases to be an element in the title to the property. Redemptions by junior judgment creditors are purely statutory, and no one can obtain rights in that way save by bringing himself within the spirit of the statute. These parties having failed to do so, they could assert no claim to the property, and the defendants were therefore left with their property just as if these liens had never existed. But to allow a judgment creditor who brings himself within the spirit of the statute, to redeem from a sale under execution on a senior judgment after the expiration of twelve months from that sale, deprives the defendant of nothing that he would otherwise have. His interest, indeed, is promoted by the redemption, because thereby the property may be made to pay more of his debts than it otherwise would, and for that reason it has been held to be the policy of the law to encourage redemptions. Whether the redemption shall be effected or not, his title to the property is gone, and the sale on the execution issued upon the junior judgment is of nothing that belongs to him. *Sweezy* v. *Chandler, Blair* v. *Chamblin, Massey* v. *Westcott, supra,* and *Fitch* v. *Wetherbee,* 110 Ill. 475, and *Bozarth* v. *Largent,* 128 id. 107.

It follows that, in our opinion, in the present case the junior judgment creditor was, upon making his redemption, substituted to the rights of the purchaser at the mortgage sale, and so the homestead passed to him by the deed. See 12 Am. & Eng. Ency. of Law, 243, and cases cited; Rorer on Judicial Sales, sec. 1194; Freeman on Executions, sec. 321.

The judgment is affirmed.

*Judgment affirmed.*