WILLIAM H. HERDMAN *et al.*

*v.*

SAMUEL D. COOPER *et al.*

*Filed at Mt. Vernon November 4, 1891.*

1. HOMESTEAD—*sale under foreclosure—redemption.* Where a mortgage of lots contains a proper release of the homestead estate therein, the failure of the mortgagor to redeem from a sale of the premises, under a decree of foreclosure, within twelve months, will deprive him of his homestead rights.

2. SAME—*rights of judgment creditor redeeming from mortgage sale.* A redemption from a foreclosure sale by a judgment creditor of the mortgagor, and his purchase under his execution, will place the creditor so redeeming in the same position in respect to the property as the first purchaser, and he will take the property, including the homestead rights of the mortgagor.

3. The redemption of property by a judgment creditor does not obliterate the prior sale so as to restore the debtor to his homestead rights, but simply substitutes the party redeeming, and gives him all the rights of the original purchaser. If the first purchaser takes free of the homestead rights of the debtor, so will the redeeming creditor.

4. REDEMPTION FROM FORECLOSURE SALE—*how effected.* The right of redemption from sale on judgment and decree of foreclosure is purely statutory, and it can not be exercised except within the periods of time and in the manner substantially as pointed out in the statute.

5. REDEMPTION—*from second sale—by judgment creditor.* Where more is bid at a sale under a redemption from a prior sale than the amount of the redemption money paid to redeem, and such last sale is perfected by the purchaser, a redemption from it by a judgment creditor can be had only by suing out his execution, placing it in the hands of the sheriff, and paying him the redemption money within sixty days after such sale.

6. Where a creditor fails to obtain his judgment until after sixty days from the last sale on redemption, in which more than the redemption money is bid, it is not possible for him to redeem from such sale, as no levy and redemption can be made within the time required. Such a creditor can not object that a sale in favor of a judgment creditor was not perfected, as such fact can not injure him.

7. If no more is bid than the amount paid in redeeming, and the sale is perfected by the purchaser, the sheriff is required to make him a deed at once, and no other redemption will be allowed.

8. EXECUTION SALE—*failure to perfect purchase—duty of sheriff.* If a judgment creditor fails to perfect his purchase, it is competent for the sheriff to offer the land levied upon by an execution, for sale, from time to time, until it is sold.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jefferson county; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. POLLOCK & POLLOCK, for the appellants:

McLaughlin's judgment was not for purchase money, and was no lien upon the homestead. No release or conveyance of the estate is valid unless the same is in writing. *Moore v. Titman,* 33 Ill. 358; *Kingman v. Higgins,* 100 id. 319.

A husband can not defeat the homestead right of the wife. *Allen v. Hawley,* 66 Ill. 164.

The husband holds the homestead as a trustee for the wife and children. *Cassell v. Ross,* 33 Ill. 244; *Patterson v. Kreig,* 29 id. 514; *Best v. Allen,* 30 id. 30; *Boyd v. Cudderback,* 31 id. 113; *White v. Clark,* 36 id. 285.

A release of the homestead to one creditor does not operate in favor of any other creditor. Laws of 1887, p. 142, sec. 4; *Raber v. Gund,* 110 Ill. 581; *Hume v. Gossett,* 43 id. 297; *Kingman v. Higgins,* 100 id. 319.

It was the duty of the sheriff to have caused an appraisement. *Hartwell v. McDonald,* 69 Ill. 293; *Newman v. Willitts,* 78 id. 397; *Muller v. Inderreiden,* 79 id. 382.

Property once levied upon is beyond the reach of any other process while such levy lasts. Herman on Executions, 249.

Where the plaintiff in execution becomes the purchaser, if no undue advantage is taken of him, he is bound by his bid. *Vanscoyoc v. Kimler,* 77 id. 151; *Bank v. Sperling,* 113 id. 273; Freeman on Executions, 308.

The pretended re-sale of March 30, 1889, was without any authority. *Hughes v. Streeter,* 24 Ill. 649; *Nelson v. Cook,* 19 id. 455.

Mr. GEORGE B. LEONARD, for the appellees:

Appellants William H. Herdman and Mary A. Herdman having wholly failed to redeem lot 2 from this sale of February 19, 1887, under the Watson decree of foreclosure, they thereby lost all right, title and interest in this lot, save that the law favors redemption therefrom by their judgment creditors, and re-sale thereof, for the single purpose of making this property pay the largest amount of the indebtedness of their debtors that may be secured. *Hardin* v. *Eames,* 5 Bradw. 153; *Jones* v. *Thompson,* 26 Ill. 177; *Schuck* v. *Gerlach,* 101 id. 338; *Kerns* v. *Lloyd,* 52 id. 113; *Chandler* v. *Higgins,* 109 id. 602.

In this case neither William H. Herdman nor Mary A. Herdman has any right to complain of any irregularity in the several redemptions and sales of this lot 2 among their judgment creditors. *Massey* v. *Westcott,* 40 Ill. 160; *Fitch* v. *Wetherbee,* 110 id. 475; *Brine* v. *Insurance Co.* 96 U. S. 627; *Orvis* v. *Powell,* 98 id. 176.

McLaughlin, upon a certain contingency, would be liable for the difference between his bid and the smaller sum for which it was finally sold, and the right of the sheriff to again offer this lot for sale can not fairly be questioned, and for authorities on the last points above, see *Hill* v. *Hill,* 58 Ill. 239; *Thrift* v. *Fritz,* 101 id. 457; *Maulding* v. *Stelle,* 105 id. 644.

The levy having been made, the sale could be made at any time within seven years, although the execution may have been returned, and even lost, before sale. *Breed* v. *Gorham,* 108 Ill. 81; *Hastings* v. *Bryant,* 115 id. 472; *Dobbins* v. *Bank,* 112 id. 553; *Barth* v. *Bank,* 115 id. 472; *Holman* v. *Gill,* 107 id. 467; *Parks* v. *Laroche,* 15 Bradw. 354; *Cornwell* v. *Watkins,* 71 Ill. 488; *Reddick* v. *Cloud,* 2 Gilm. 670; *Willoughby* v. *Dewey,* 63 Ill. 246; *Phillips* v. *Dana,* 3 Scam. 551.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

In the view we take of this case the following are the material facts: On the 11th of June, 1886, William H. Herdman, and Mary A. Herdman, his wife, mortgaged the property in controversy in this suit, which they claim is a part of their homestead, to Samuel· H. Watson, 'and relinquished their rights of homestead in the property in conformity with the statute.    This mortgage was duly foreclosed, and the mortgaged property was sold to the mortgagee on the 13th of February, 1887.  Johnson, as the assignee of a judgment in favor of Rightnowar and against William H. Herdman, redeemed from this sale, and the property was sold on his execution on the 11th day of August, 1888.  McLaughlin, who was a judgment creditor of William H. Herdman, redeemed from this last sale, and the property was advertised by the sheriff to be sold on his execution on the 15th of September, 1888.    At that date the property was offered for sale by the sheriff, and McLaughlin having made a bid, the sheriff declared the property sold to him, and the sheriff accordingly thereupon made out and tendered him a certificate of purchase, but McLaughlin declined to complete his purchase by complying with the terms of sale, and refused to receive the certificate.    The sheriff returned these facts upon the execution, and that the execution was not satisfied.    Thereafter the sheriff repossessed himself of the execution, and then advertised the property to be sold on the 30th of March, 1889.    At that time the sheriff again offered the property for sale, and McLaughlin being the highest bidder, the sheriff declared the property sold to him.    McLaughlin complied with the terms of this sale, received a certificate of purchase, and, there being no redemption within the time provided by the statute, the sheriff made him a deed for the property.

Rightnowar obtained another judgment in the circuit court against William H. Herdman, on the 29th of March, 1889,,

and on the next day (the 30th) William Herdman, and Mary A. Herdman, his wife, and Rightnowar, filed their bill in this case. Herdman and wife ask that the sale be set aside upon the ground that the property is a part of their homestead, and therefore not liable to sale; but if the property shall be held liable to sale, then Rightnowar asks that the sale of the 30th of March, 1889, be set aside, and McLaughlin be required to perform his contract of purchase at the sale of September 15, 1888, and that he be allowed to redeem therefrom. After the execution of the deed by the sheriff to McLaughlin, a supplemental bill was filed, praying that the deed be set aside, and that McLaughlin be enjoined from conveying the property. There is no allegation in either the original or supplemental bill that Rightnowar redeemed from the sale of September 15, 1888, or that he has ever paid money into the hands of the sheriff for that purpose, and no rights are claimed for him as judgment creditor, under the sale of March 30, 1889.

The Herdmans, by failing to redeem from the foreclosure sale to Watson within twelve months of the day of sale, lost all right to redeem the property from that sale. If no judgment creditor had redeemed, Watson would have taken title to the property absolutely, including the right of homestead, as well as all other rights in it. The redemption by Johnson, as assignee of Rightnowar's first judgment, and his purchase at the sale under his execution, was therefore of nothing which then belonged to the Herdmans, but of that, only, which, but for that redemption, would belong to Watson. By the redemption, Johnson took the place of Watson with respect to the property, and what is true in this respect of Johnson is equally true of McLaughlin, by whose redemption from the sale to Johnson he was put in the place of Johnson as respects the property redeemed. If the redemption had simply obliterated the prior sale, then, of course, by Johnson's redemption the Herdmans would have been restored to their homestead rights. But the redemption does not obliterate the prior sale—it

simply substitutes the party redeeming for the original pur-
chaser, and gives to the party redeeming all that the original
purchaser had, and so, necessarily, all rights of homestead in
the property which is the subject of redemption; and so we
expressly ruled in *Smith* v. *Mace,* 137 Ill. 68.

While it is true, as we held in *Pearson* v. *Pearson,* 131 Ill.
464, and perhaps in other cases, that a judgment debtor may,
by contract with a redeeming judgment creditor, obtain an
equitable right in whatever the latter may obtain by redemp-
tion, yet this is by virtue of the agreement between the parties.
in the particular case, and not by virtue of any equitable right
that the judgment debtor has in the judgment creditor's right
to redeem, and it is in nowise different from a right he might
obtain in whatever a judgment creditor of a stranger might
obtain by redeeming property of such stranger.    The right of
redemption from sale on judgment and decree of foreclosure
is purely statutory, and it can not be exercised except within
the periods of time and in the manner, substantially, as pointed
out in the statute.    *Thornley* v. *Moore,* 106 Ill. 496; *Littler* v.
*People,* 43 id. 188; *Wooters* v. *Joseph et al.* 137 id. 113.

The statute provides (Rev. Stat. 1874, sec. 20, chap. 77,
p. 624,) that any decree or judgment creditor may redeem from
a prior sale under decree or judgment, at any time after the
expiration of twelve months, and within fifteen months, after
the sale under such decree or judgment, by suing out an ex-
ecution upon his decree or judgment, placing the same in the
hands of the sheriff to execute, and paying to the sheriff the
amount for which the premises to be redeemed were sold, etc.
And section 23 provides "that successive redemptions may be
made of the premises at any time within sixty days of the last
sale at which they were sold for more than the amount of the
redemption money," in the same manner and upon the same
terms and conditions as sales under section 20.    If, however,
at any sale, upon execution of a redeeming judgment creditor,
no greater amount than the amount paid in redeeming is bid,

it is provided by section 21 that the officer shall forthwith execute a deed of the premises to the person redeeming, and no other redemption shall be allowed. If, therefore, more was bid at the sale on the 15th of September, 1888, than the amount paid by McLaughlin in redeeming, and that sale was perfected, a redemption from it could have been made by a judgment creditor only by suing out his execution, placing it in the hands of the sheriff, and paying him the redemption money within sixty days of that sale,—that is to say, at any time before the 15th of November, 1888. If no more than the amount paid by McLaughlin in redeeming was bid at that sale, and it was a perfected sale, then the sheriff should have made him a deed at once, and there could have been no redemption. If the sale of the 15th of September, 1888, was never perfected by McLaughlin, then there is no objection to the sale on the 30th of March, for it is competent for the sheriff to offer real estate levied upon by an execution, for sale, from time to time, until it is sold. *Breed* v. *Gorham,* 108 Ill. 81; *Hastings* v. *Bryant,* 115 id. 69; *Dobbins* v. *First Nat. Bank,* 112 id. 553; *Holman* v. *Gill,* 107 id. 467.

The last judgment of Rightnowar not having been obtained until March 29, 1889, it is impossible that he could have redeemed under it from the sale of September 15, 1888, and he has made no attempt to redeem under the sale of March 30, 1889. Inasmuch as McLaughlin redeemed from the sale to Johnson, and that redemption entitled him to have the property sold free of the Herdmans' homestead rights, it does not concern them whether the sale of September 15 was perfected or not; and since Rightnowar was not a judgment creditor so as to redeem under that sale, it certainly does not injure him that it was not perfected.

A judgment in favor of Joel Watson against W. H. Herdman, obtained before the foreclosure of Samuel H. Watson's mortgage, an execution thereon, the levy of the same upon the property in controversy, and a bill in chancery to set aside

that sale and the proceedings thereon, were given in evidence on behalf of the Herdmans. But as it can not be, and is not, claimed that these suits could operate to divest the release of homestead in the mortgage of Samuel H. Watson, or to deny to Johnson the right of redemption, as judgment creditor, from the sale under the decree of foreclosure of Samuel H. Watson's mortgage, nor deny to McLaughlin the right to redeem, as judgment creditor, from the sale to Johnson, the evidence is irrelevant to any question in this suit, and must for that reason be wholly disregarded. It can not possibly be a question in which the Herdmans or Rightnowar have any interest what may be the equities between Joel Watson and McLaughlin.

We find no cause to be dissatisfied with the decree of the circuit court. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*