104 655
a204s 79

### Charles J. Off et al. v. William Jack et al.

1. CORPORATIONS—*Director Loaning Money to Corporation.*—There is no law that inhibits a director from loaning money to his corpora-tion, or from collecting from it by judicial proceeding.
2. SAME—*Can Not Prefer a Creditor Who is at the Time a Director.*

—Any affirmative action by which the insolvent corporation turns over its property to its directors is voidable for the reason that they are in equity trustees with regard to the corporate property in behalf of the creditors at large.

**Bill for an Injunction.**—Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

**Statement of Facts.**—Appellants presented a bill in chancery to the Circuit Court of Tazewell County, alleging that the Wesley Coal Company, an Illinois corporation, with its principal place of business at Peoria, for more than two years had been insolvent and out of business; that all of its property had been sold in foreclosure proceedings; that no redemption was made by it within a year thereafter; that afterward and within fifteen months from such sale several redemptions were made by different judgment creditors, setting out the time and order of the various judgments upon which redemptions and sales had been made and were to be made; that appellants were assignees and owner of a certain judgment upon which the property was to be sold within a few days thereafter; that they were also the assignees and owners of another judgment against it, of a later date; that William Jack, with one John R. Hilliard, president of the said Wesley Coal Company, to unlawfully advance the interest of the said Jack by giving him a preference, and to defraud the creditors of the said Wesley Coal Company, procured the institution of a suit in the Circuit Court of Tazewell County and had service of summons made upon the said Hilliard, as president, in that county, and judgment rendered thereon by default. The bill alleges that the judgment of Jack is next in point of time to that of appellants upon which sale was about to be made, and prior in point of time to the second judgment of appellants; that said Jack threatened to and would bid enough for said property at said sale to satisfy the amount of appellants' execution and his own judgment, or that he would redeem from said sale so that appellants would not realize

anything upon their later judgment without first paying his. It is also alleged that Jack's judgment is fraudulent and void as against appellants because there was no consideration whatever to support it, and because Jack was, at the time he procured his said judgment, an officer and director in the corporation. The bill prays that the judgment in favor of Jack be declared fraudulent and invalid as against appellants and that he be restrained from redeeming said premises from the sale to be had by appellants and from applying any of the proceeds of such sale upon his execution or judgment. A temporary injunction was granted in accordance with the prayer.

Jack and the Wesley Coal Company filed answers admitting the most of the allegations of the bill, but denying any fraudulent intent and averring that Jack's judgment was for a valuable consideration. A replication was filed. Subsequently a motion to dissolve the injunction was heard, and it being stipulated that the entire merits of the case were as set up in the bill and answers, a hearing was had on the motion, and it was agreed that the court should so consider it. The injunction was dissolved and the bill was dismissed for want of equity.

Arthur Keithley, attorney for appellants.

William Jack, attorney for appellees.

Mr. Justice Harker delivered the opinion of the court.

The only question presented by the assignments of error is the action of the court below in dissolving the injunction. No question is made as to the good faith of Jack's judgment or the legality of the service had upon the defendant. As we understand it, appellants base their contention entirely upon the proposition that Jack, being a director, could not enforce the collection of his judgment until all other creditors had been paid in full.

There is no law that inhibits a director from loaning money to his corporation, or from collecting from it by judicial proceeding. Beach v. Miller, 130 Ill. 169; Mullanphy

Bank v. Schott et al., 135 Ill. 655; Illinois Steel Co. v. O'Donnell, 156 Ill. 624. The law is, however, that an insolvent corporation can not prefer a creditor who is at the time a director. The reason is that it would be inequitable to other creditors to allow a director to thus take advantage of his official position. Any affirmative action by which the insolvent corporation turns over its property to its directors is voidable for the reason that they are in equity trustees with regard to the corporate property in behalf of the creditors at large. Blair v. Illinois Steel Co., 159 Ill. 364; Rockford Grocery Co. v. Grocery Co., 175 Ill. 92. But we do not understand the authorities to go so far as to hold that a director may not, in good faith, pursue the usual and ordinary course in obtaining and collecting a judgment against the defendant corporation, although at the time insolvent. We are unable to see how the commencement of a suit and the obtaining of a judgment by the ordinary mode of service of summons, etc., amounts to a preference or at all clashes with his duties and relations as a director.

Independent of that question, however, there is another ground upon which the court was justified in dissolving the injunction and dismissing the bill. The only property owned by the coal company was the real estate in question, which was sold under foreclosure decree on December 22, 1897. Its right to redeem expired on December 22, 1898. Jack did not obtain his judgment until February 7, 1899—after the coal company had ceased to have any interest in the property. It had no property in regard to which Jack, as a director, sustained any trust relation. Not only was all of its property gone, but for over a year it had ceased to perform any of the functions for which it was organized. For all practical purposes, it was defunct. Having failed to redeem from the foreclosure sale, the rights of the coal company in the property, and all persons claiming by, through or under it, were forever gone, and a sale of the property on the execution of a junior judgment would be the sale of nothing belonging to it. Fitch v. Weatherbee, 110 Ill. 475; Smith v. Mace, 137 Ill. 68.

Decree affirmed.