**Arthur Keithley, Appellant, v. Interstate Bank & Trust Company, Appellee.**

**Gen. No. 5252.**

1. FORECLOSURE—*scope and nature of deficiency decree.* A deficiency decree is a money judgment as completely as a judgment at law for the recovery of a sum of money, and an execution issued thereon has the same force and effect as an execution to recover a money judgment in an action at law.

2. FORECLOSURE—*effect of redemption by judgment creditor.* A redemption does not obliterate the prior sale; it simply substitutes the party redeeming for the original purchaser and gives to the party redeeming all that the original purchaser had.

3. FORECLOSURE—*what creditors may redeem.* A complainant in a foreclosure proceeding who has become the owner of a deficiency decree in this State has a right to redeem irrespective of the fact that such a decree may not constitute a lien against the property foreclosed, and if pursuant to redemption undertaken under such deficiency decree a sale is made which results in the obtaining of a sum of money to pay such deficiency decree the money so received by the sheriff is properly paid to the owner of such deficiency decree rather than to another judgment creditor.

Assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910. *Certiorari* denied by Supreme Court (making opinion final).

ARTHUR KEITHLEY, for appellant.

JACK, IRWIN, JACK & MILES, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Mrs. Mae Elizabeth Dutch, joined by her husband, executed a trust deed upon real estate owned by her, securing a debt of herself and her husband to the Interstate Bank & Trust Company, appellee herein, and later a second trust deed on the same premises to secure a debt to Arthur Keithley, appellant herein, and still later another trust deed on the same premises to secure another debt to appellee. Appellee afterwards brought suit to foreclose its said securities, making Mrs. Dutch and her husband and appellant and others defendants, and had a decree for the foreclosure of said mortgages and the sale of said premises, which decree provided that after payment of costs, the master, out of the proceeds of said sale, should pay, first, the debt secured by appellee's first trust deed; second, the debt to appellant; and third, the debt secured by appellee's last trust deed; and that if the amount realized at the sale should be insufficient to pay the several amounts due appellee, it should be entitled to a deficiency decree therefor. Under that decree the master sold the premises on July 10, 1907. The sale satisfied the amount due appellee under its first trust deed and paid a part of the sum found due appellant under the second trust deed. The property was purchased by Edgar A. Strause. The sale was confirmed on September 11, 1907, and appellee then had a deficiency decree against Mrs. Dutch and her husband, the terms of which were that appellee have and recover from the said defendants, Mae Elizabeth

Dutch and Charles C. Dutch, $2,686.92, "and that complainants have execution therefor as upon a judgment at common law." The twelve months which the statute gave to the owner of the equity of redemption expired on July 10, 1908, and she did not redeem. The statute then gave judgment creditors three months in which to redeem from said sale, which time expired on October 10, 1908. On August 15, 1908, appellee sued out an execution on its deficiency decree, paid to the sheriff the amount required to redeem from the master's sale (which redemption money Edgar A. Strause accepted), and caused the execution to be levied upon said real estate. On September 4, 1908, appellant recovered two judgments by confession, one against Mae Elizabeth Dutch and her husband, and the other against the same parties and one other party. It seems to be conceded that one of those judgments, at least, was for the same indebtedness secured by appellant's second trust deed above described. On September 12, 1908, appellant sued out executions upon said judgments and placed them in the hands of the sheriff, who already held appellee's execution under its deficiency decree. On October 30, 1908, after the expiration of the fifteen months, the premises were sold to Flora D. Strause under appellee's execution for a sum sufficient to pay the redemption money deposited with the sheriff and nearly all of appellee's deficiency decree, so that appellee's execution was returned satisfied. Appellant notified the sheriff to apply the money upon his executions instead of appellee's execution, and notified appellee that the money received by the sheriff at said execution sale belonged to appellant upon his executions, and notified appellee not to receive the money from the sheriff. The sheriff paid the money to appellee. Thereupon appellant brought this suit against appellee and sought to recover from appellee under the common counts in *assumpsit* so much of the money realized upon appellee's execution as would have satisfied appellant's

executions if it had been applied thereon. Appellee filed the general issue, a jury was waived, the cause was tried, and there was a finding and a judgment for appellee. This is an appeal by plaintiff below from that judgment. Appellant contends that the deficiency decree was a part of the decree of foreclosure and was satisfied by the master's sale, that the execution afterwards issued for the deficiency was void, that appellee had no right to redeem because of said deficiency decree and execution, that the redemption was purely voluntary and that Edgar A. Strause was not compelled to accept it, but, as he did accept it, the title to the property was restored to Mrs. Dutch, free from all the trust deeds and from the deficiency decree; that the executions in favor of appellant were the only executions upon which said real estate could be lawfully sold, and that the money arising from the sheriff's sale should have been applied in satisfaction of appellant's executions.

The provision in the decree of foreclosure, that if the sale did not satisfy appellee's liens, it would be entitled to a deficiency decree was not itself a deficiency decree. Cotes v. Bennett, 84 Ill. App. 33, and 183 Ill. 82; Thomson v. Black, 208 Ill. 229. The deficiency decree, which was rendered at a later term, on September 11, 1907, against Mrs. Dutch and her husband for a specific sum of money with an order for an execution as at common law, was such a money decree or judgment as is authorized by section 16 of chapter 95 of the Revised Statutes, entitled Mortgages. That section authorizes an execution for the collection of the balance found due the complainant in a foreclosure suit with the same effect as when the decree is solely for the payment of money. This was therefore a money judgment as completely as a judgment at law for the recovery of a sum of money, and the execution issued thereon had the same force and effect as an execution to recover a money judgment in

an action at law.   Section 18 of chapter 77 of the
Revised Statutes, concerning Judgments, Decrees and
Executions, authorizes the owner of the equity of re-
demption to redeem within twelve months from such
sale under an execution or decree and, upon such re-
demption, the sale becomes null and void.   No redemp-
tion was here made under that section.   Section 20 of
the same act provides that if such a redemption is
not made within twelve months, then after the expira-
tion of twelve months and within fifteen months after
the sale any decree or judgment creditor may redeem
the premises in the manner there described, which
method was pursued by appellee in this case.   A re-
demption under said section 20 does not restore the
owner of the equity of redemption to his title.   That
is already gone.   In this case, if no redemption had
been made, Edgar A. Strause would have obtained a
deed at the end of fifteen months and would have be-
come the owner of the property.   As said of a redemp-
tion under section 20 in Herdman v. Cooper, 138 Ill.
583:   "The redemption does not obliterate the prior
sale—it simply substitutes the party redeeming for
the original purchaser and gives to the party redeem-
ing all that the original purchaser had."   Smith v.
Mace, 137 Ill. 68.

It is said that appellee could not redeem from its
own sale, and some authorities so hold, and notably
Hervey v. Krost, 116 Ind. 268, and Horn v. Bank,
125 Ind. 381.   That decision, however, was under a
statute enacted in 1881, and prior to 1881 such a re-
demption as this was held authorized in Indiana in
Green v. Doane, 57 Ind. 186, and other cases.   2 Free-
man on Executions, section 317, shows that in most
states this right of redemption is given only to credit-
ors who have a lien upon the premises sought to be
redeemed and that the rule that a creditor cannot re-
deem from his own sale is applied to cases where the
lien has been exhausted by the sale and the creditor
has no further or other lien, and that where the de-

ficiency results in a new and independent judgment the original sale does not destroy the right to redeem under the new deficiency judgment. In this state the junior judgment, which is used to make redemption, need not be a lien upon the property to be redeemed, for in the redemption it is the lien of the senior judgment that is enforced. Smith v. Mace, *supra*. In Tewalt v. Irwin, 164 Ill. 592, one Lagow, the owner of a note secured by a mortgage, foreclosed the mortgage and the premises were sold and were not redeemed within twelve months. Afterwards a claim was allowed in the Probate Court in favor of Lagow against the estate of the mortgagor who was then deceased. He assigned this claim to his attorney who sued out a special execution, deposited with the sheriff the amount necessary to redeem from the foreclosure sale, levied on the land and bought it in at execution sale and obtained a deed. It was argued that this assignment to the attorney and the redemption by him were in the interest of Lagow, and that Lagow could not redeem. It was held that Lagow was a judgment creditor, and he should not be placed in a more unfavorable position than other creditors. The court said: ''A creditor may have several liens affected with different rights of priority, but he does not lose rights under a junior lien because of his ownership of a superior one. The redemption resulted in a sale at an enhanced price, which inured to the benefit of Tewalt's estate, and we see no objection to it.'' If we hold that appellee could not redeem in this case, we must by construction restrict the force and effect of this deficiency decree, which is in its terms a straight money judgment against persons over whom the court had jurisdiction and which by force of the language of the deficiency decree and of the statute authorizing it should have the full force and effect of an ordinary money judgment. The redemption is permitted to appellee, not because its deficiency decree is a lien upon these premises, but because it is a judgment creditor,

and the statute permits any judgment creditor to redeem after the expiration of twelve months without redemption, and thus to acquire an enforcement in its favor of the lien of the senior judgment or decree. Smith v. Mace, *supra,* and authorities there cited. Our conclusion is that under the statutes of this state the redemption was valid, and that the sheriff could not do otherwise than pay the money to appellee, and that it is not necessary to consider whether if the law were as appellant contends, he could recover the money from appellee under the common counts in *assumpsit,* after the latter had received it from the sheriff under a claim of right.

Appellant could have protected himself by bidding at the master's sale a sum sufficient to pay his debt in the order of distribution established. He could have redeemed from the execution sale under appellee's deficiency decree. He chose to let appellee pay the large sum of money required to redeem from the original foreclosure sale and to rest his rights upon the position that that redemption was by a volunteer and was in effect a donation to him. That position being untenable, we are of opinion that his suit must fail.

*Affirmed.*