## George W. Porter et al., Appellants, v. Citizens' National Bank of Evansville, Indiana, Appellee.

1. ASSISTANCE, WRIT OF, § 5*—*when judgment creditor redeeming from foreclosure sale and purchasing at resale entitled to*. A judgment creditor who redeems from a foreclosure sale, procures a resale of the premises and becomes the purchaser thereof on such resale, succeeds to the rights in the premises involved of the purchaser on the original sale under his certificate of purchase, and is entitled to a writ of assistance from the court or from a judge in vacation to place him in possession of such premises.

2. MORTGAGES, § 602*—*what are rights of purchasers at foreclosure sale*. The purchaser at a foreclosure sale of mortgaged premises has no right or interest therein .other than the right to receive the amount due him where the original mortgagor or some judgment creditor sees fit to redeem, or the right in the event no redemption is made to receive a deed for such premises.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MORTGAGES, § 703*—*when redemption by judgment creditor is not void.* Where a judgment creditor redeemed from a foreclosure sale and at a resale of the premises became the purchaser thereof at a price which, through an inadvertent mistake of the sheriff, was less than the amount due, and also did not include taxes paid by the holder of the certificate of purchase on the original sale, which price was accepted by the sheriff, who thereupon issued and filed his deed on such redemption, and thereafter said judgment creditor, upon learning of said mistakes, tendered an amount sufficient to cover the deficiency, *held* that the redemption by such creditor should not be held void on account of such deficiency.

4. MORTGAGES, § 691*—*when action of sheriff in issuing certificate of redemption is valid.* The statute makes the sheriff the proper officer through whom to redeem where a resale of premises sold on foreclosure is sought under an execution in his hands, and, unless some fraud is shown, his action in issuing a certificate of redemption should be held valid and binding.

5. MORTGAGES, § 681*—*how statute relative to redemption from foreclosure sales should be construed.* The statutes covering redemptions from judgment or foreclosure sales (J. & A. ¶¶ 6764-6770) should be liberally construed in order that the debtor's property may reach as far as possible in satisfaction of his debts.

6. JUDICIAL SALES, § 13*—*when sheriff should sell at amount bid for property.* Under the statutes (J. & A. ¶¶ 6764-6770), a redeeming creditor bidding at a resale of the premises is held to have made a bid thereon of an amount sufficient to cover the redemption money and interest, together with costs of making the resale, and the sheriff, if no larger amount is bid, should sell at said amount and at once make deed to the purchaser, and he would have no right to accept a less bid.

7. ASSISTANCE, WRIT OF—*who may not object that bidder at foreclosure sale is not accepted highest bidder.* A bidder at a sheriff's sale who never paid or tendered to the sheriff the amount of his bid and who is not a party to a proceeding for a writ of assistance on behalf of another bidder at such sale, to whom the property was sold and deed issued by the sheriff, is not in a position to object in such proceeding, nor can the parties defendant to such proceeding object that said first-mentioned bidder was the accepted highest bidder.

8. ASSISTANCE, WRIT OF—*what constitutes a prima facie case.* In a proceeding for a writ of assistance, *held,* that the sheriff's deed issued on a judicial sale, together with a stipulation of facts introduced in evidence, made a prima facie case, the stipulation showing that the purchaser to whom said deed was issued had paid or ten-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dered the proper redemption money and that no higher bid had been made and perfected by payment of the amount thereof.

Appeal from the Circuit Court of Edwards county; the Hon. J. C. Eagleton, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

H. J. & J. H. Strawn, for appellants.

P. C. Walters and Allen E. Walker, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

This appeal is prosecuted by appellants from an order entered in vacation by the Hon. J. C. Eagleton, one of the judges of the Second Judicial circuit (in which circuit Edwards county is located), awarding a writ of assistance to appellee for the purpose of putting it in possession of the premises involved in this proceeding. The appeal was originally taken to the Supreme Court on the theory that a freehold was involved, but said court held that it had no jurisdiction to proceed and certified the cause to this court.

The facts were stipulated by the parties and are as follows: "The Corn Belt Building and Loan Association foreclosed their mortgage on the property and became the purchaser at the master's sale, February 14, 1914, for $2,550, the amount of their mortgage, interest and costs. On April 21, 1915, the Citizens' National Bank, a judgment creditor of Porter, sought to redeem from said sale and deposited with the sheriff the sum of $2,721.25, which it later developed was $10 less than the amount of the purchase with interest up to the date of the deposit. The mistake of $10 being occasioned by a mistake in addition in computing the interest. The Corn Belt Building and Loan Association paid the 1913 taxes, and the bank paid the 1914 taxes. The loan association had deposited their tax receipt with the master. No money for the repayment of these taxes

was deposited with the sheriff. On the date of the deposit with the sheriff, he issued to the bank a certificate of redemption and advertised the property for sale under the execution of the bank. On the date advertised, he offered the property for sale and was asked by S. E. Quindry, a bidder, what bid he had on the property. He answered that he had a bid of $2,721.25. S. E. Quindry then bid the sum of $2,725. At the time the bid of S. E. Quindry was made, P. C. Walters, one of the attorneys for the bank, announced that his bid was not sufficient. Quindry claims that he did not hear this. It happened that the amount the sheriff stated as bid was the amount deposited by the bank. After crying the sale, the sheriff struck off the property to S. E. Quindry thinking his bid was greater than that of the bank. S. E. Quindry asked until six o'clock to raise the money and it is claimed by him that the sheriff gave him that time. It is denied by the bank that he had any right to give him the time. Mr. Quindry never before or after six o'clock tendered the sheriff any money for the property. The sheriff after investigating the facts and the law and upon the advice of the State's Attorney, a little before five o'clock of the same evening issued and delivered a deed to the property to the Citizens' National Bank, which was filed for record in the recorder's office at five o'clock p. m. of the same day. Mr. Thornton, the secretary of the loan association, came to Albion the evening before the date advertised for the sale and was told by Allen E. Walker, one of the attorneys for the bank, the same evening, that if they had paid any taxes or any other money on this property in the way of expenses that the bank did not then know about, they would be paid the next day whatever the amount might be upon satisfactory proof being had that it had been paid out. The day of the sale, the secretary of the loan association left town and said to the livery

man that he did not want to get back until after the
banks had closed so that the sheriff could not tender
him the amount in cash and he would refuse to accept
a check. He did not return until night and could not
be found by the sheriff then. The following morning,
May 15, 1915, Mr. Thornton and Mr. Quindry went to
Bone Gap where the master resides, got the master out
of bed at an early hour in the morning and demanded
a deed. The master refused until he had made an in-
vestigation. He came back to Albion with them and
upon investigation found a certificate of redemption
and deed to the bank of record and refused to make a
deed. This same morning the sheriff tendered the loan
association the sum of $2,721.25, and Allen E. Walker,
one of the attorneys for the bank, tendered the secre-
tary of the association $200 in cash to cover any other
amount due the association. Both amounts were re-
fused by the association. The Corn Belt Building and
Loan Association immediately, the same day, filed a
bill in chancery setting up what purported to be the
facts, making the Citizens' National Bank, defendant,
and asked that the deed to the bank be set aside and
one executed and delivered to the loan association by
the master, who is also made defendant. The suit was
filed to the November term, 1915, of our court and is
still pending.

"That George W. Porter and Susan J. McClure
claim to hold possession of the property under the
Corn Belt Building and Loan Association."

Upon the hearing on said petition and said stipula-
tion of facts, the judge before whom said matter was
heard entered an order as above set forth granting
said writ. It is insisted by appellants for a reversal of
said cause that the judge entering said order was with-
out jurisdiction so to do. It is conceded that a circuit
judge may hear a petition of this character in vacation,
but that this petition does not come within said rule,
first, because appellee was not a party to said fore-

closure proceeding; second, because it is claimed appellants have acquired some new interest in said premises since the rendition of the foreclosure decree through some arrangement or agreement with the Corn Belt Building and Loan Association, complainant in said proceeding; and third, because in making its deposit of redemption so given the bank, it lacked $10 of the amount and also failed to include the taxes of 1913 paid by the Corn Belt Building and Loan Association under its certificate of purchase.

So far as we have been able to ascertain, the Supreme Court or this court has never passed on the specific question as to whether or not parties who redeem from a foreclosure sale and who cause said premises to be resold and become the purchaser thereof and receive a deed therefor are entitled under the law to a writ of assistance to place them in possession thereof. We think, however, that the reasoning of the Supreme Court and this court in construing the various provisions of the statute with reference to redeeming from foreclosure sales by judgment creditors, and as to their rights in the property when redeemed and resold, would, as to a judgment creditor who had reedemed from foreclosure sale and had procured a resale of the premises and become a purchaser thereof, entitle him to a writ of assistance placing him in possession thereof. *Keithley v. Interstate Bank & Trust Co.*, 154 Ill. App. 443; *Herdman v. Cooper*, 138 Ill. 583; *Smith v. Mace*, 137 Ill. 68; *Butler v. Brown*, 205 Ill. 609.

In *Herdman v. Cooper*, 138 Ill., at page 587, the court says: "By the redemption, Johnson took the place of Watson with respect to the property, and what is true in this respect of Johnson is equally true of McLaughlin, by whose redemption from the sale to Johnson he was put in the place of Johnson as respects the property redeemed. If the redemption had simply obliterated the prior sale, then, of course, by Johnson's

redemption the Herdmans would have been restored to their homestead rights.  But the redemption does not obliterate the prior sale—it simply substitutes the party redeeming for the original purchaser, and gives to the party redeeming all that the original purchaser had, and so, necessarily, all rights of homestead in the property which is the subject of redemption; and so we expressly ruled in *Smith v. Mace,* 137 Ill. 68.''  In other words, a judgment creditor who redeems from a foreclosure sale and who causes a resale of said premises and becomes a purchaser thereof on such resale succeeds to all the rights in said property held by the original purchaser.  That being the law, appellee under the record in this case would succeed to the rights in the premises involved of the Corn Belt Building and Loan Association under its certificate of purchase, and would be entitled to assistance from the courts or from a judge in vacation to enforce its right to the possession of said premises, the same as the Corn Belt Building and Loan Association could have done had said redemption not been made, and had it acquired from the master in chancery a deed to the premises involved.  We are, therefore, inclined to the opinion that on this proposition the judge did not err in holding that appellee was entitled to the benefit of said writ.

Appellants' next contention is that after the foreclosure decree and the sale of said premises, the Corn Belt Building and Loan Association acquired some additional rights in said property from said complainants, and, that, that being true, that under the holding of the Supreme and Appellate Courts, appellee would not be entitled to a writ of assistance for the reason that said judge in vacation would not have the right to adjudicate such interests.  *Vahle v. Brackenseik,* 145 Ill. 231.  We are of the opinion, however, that the Corn Belt Building and Loan Association as the purchaser of said premises at the master's sale had no right or

628    APPELLATE COURTS OF ILLINOIS.

Porter v. Citizens' Nat'l Bank of Evansville, Ind., 202 Ill. App. 621.

interest in said premises, other than the right to receive the amount due it, where the original mortgagor or some judgment creditor saw fit to redeem, or the right, in the event no redemption was made, as provided by statute, to receive a deed therefor. This, in effect, is the holding of the Supreme Court in *Strauss v. Tuckhorn,* 200 Ill. 75. It follows then as a logical conclusion that the Corn Belt Building & Loan Association could confer no greater right on appellants than it had itself, and upon redemption of said foreclosure suit its interest in said premises ceased and consequently any interest it may have undertaken to confer on appellants.

It is next contended by appellants that no redemption was made by appellee from said foreclosure suit for the reason that it failed to pay enough money by $10 to the sheriff to cover the principal and interest owing to the Corn Belt Building and Loan Association, the holder of the certificate of purchase, under the master's sale, and for the further reason that it did not include about $30 in taxes for the year 1913, paid by said association as the holder of said certificate. Under the stipulation filed we can draw no other conclusion but that appellee and the sheriff inadvertently made the mistake of $10 in computing the principal and interest necessary to redeem from said foreclosure sale, and that the redemption money being delivered to the sheriff, the matter of taxes paid by said building and loan association was not brought to appellee's attention. We are, therefore, of the opinion that inasmuch as the sheriff accepted said money and issued the certificate of redemption and filed the same with the recorder of deeds as provided by statute, and inasmuch as appellee upon having the mistake brought to its attention advised the secretary of the building and loan association and its attorney that it was ready to pay any balance that might be owing to said building

and loan association, and, in fact, tendered $200 to cover any such deficiency, it would be all that would be required and said redemption should not be held void on that account.

The statute makes the sheriff the proper officer through whom to redeem where a resale of the premises is sought under an execution in his hands, and, unless some fraud is shown, the action of the sheriff in issuing a certificate of redemption should be held valid and binding.

The Supreme Court has frequently held that the statute covering redemptions from judgment or foreclosure sales should be liberally construed in order that the debtor's property may reach as far as possible in satisfaction of his debts. *Schuck v. Gerlach,* 101 Ill. 338; *Whitehead v. Hall,* 148 Ill. 253; *Strause v. Dutch,* 250 Ill. 326; *Meier v. Hilton,* 257 Ill. 174.

It is not contended by appellants that appellee did not offer to make up any deficit in the amount of funds held by the sheriff necessary to fully reimburse the Corn Belt Building and Loan Association for the amount owing to it on its certificate of purchase including said taxes. Under the authority of *Strauss v. Tuckhorn,* 200 Ill. 75, all said association was entitled to was to receive the amount owing to it for principal, interest. and taxes as purchaser at said foreclosure sale. If said association had said amount tendered it within the time specified in the statute, it has no right to complain.

It is next contended by appellants that no valid sale of said premises was made by the sheriff to appellee; that said premises were struck off to S. E. Quindry on his bid of $2,725. The stipulation of facts disclose that the sheriff had failed to add the amount of interest accrued on the redemption money from the date the same was received by him to the day of sale, and that when S. E. Quindry inquired of him as to the amount

630    Appellate Courts of Illinois.

Porter v. Citizens' Nat'l Bank of Evansville, Ind., 202 Ill. App. 621.

bid on said premises he gave the amount deposited with him instead of the amount necessary to redeem with the interest thereon from the date the redemption money was deposited. Under the statute the redemption creditor is held to have made a bid on the premises of an amount sufficient to cover the redemption money and interest, together with costs of making the resale, and if no larger amount is bid, the officer shall sell said premises at said amount and shall at once make a deed to the purchaser therefor. As a matter of fact, the bid of S. E. Quindry was not sufficient to cover the amount necessary to redeem with interest and the costs of said resale, so the sheriff would have had no right to accept said bid. The stipulation of facts further disclose that Quindry never paid or tendered to said sheriff the amount of the bid made by him, and as he is not a party to this proceeding he has no right to complain, neither have appellants any right to make this complaint for him. In other words, appellants are not in a position to urge this objection. The judge before whom said matter was pending held on the hearing that the presentation of appellee's deed from said sheriff, together with the stipulation of facts introduced in evidence, made a prima facie case, and we are inclined to the opinion that he was correct in his holding. In *Kerr v. Brawley,* 193 Ill. 207, the Supreme Court says: ''This is a petition for a writ of assistance. This writ is a summary proceeding. * * * Its object is to put a person who has purchased at judicial sale under a decree in chancery, into possession of the premises. * * * It will only issue against a party to the suit, or one who has come into possession *pendente lite. (Gilcreest v. Magill,* 37 Ill. 300.) The interests of other persons will not be adjudicated in this summary manner. *('Paine v. Root,* 121 Ill. 77.)''

Section 33, ch. 77, Hurd's Revised Statutes (J. & A. ¶ 6780), provides: ''Any deed which has been hereto-

fore, or which may hereafter be so executed, or a certified copy of the record thereof, shall be prima facie evidence that the provisions of the law in relation to the sale of the property for which it is or may be given were complied with; and in case of the loss or destruction of the record of the judgment or decree, or of the execution or levy thereon, such deed or certified copy of the record thereof shall be prima facie evidence of the recovery and existence of the judgment or decree and issuing and levy of the execution as therein recited."

We are therefore of the opinion, after a careful examination of the record, that no reversible error was committed in issuing said order awarding the writ of assistance to appellee, and said judgment will be affirmed.

*Judgment affirmed.*