FINCH v. TURNER ET AL.

1. MECHANICS' LIENS—PERSONAL JUDGMENT.

The rule announced in *Cannon v. Williams*, 14 Colo. 21, that, in an action to foreclose a mechanic's lien, a personal judgment may be rendered for the amount due, notwithstanding no right to a lien exists, is re-affirmed.

2. SAME—EXECUTION.

A judgment creditor who has obtained a decree foreclosing a mechanic's lien and awarding a *venditioni exponas*, may take out an ordinary execution to enforce a personal judgment embodied in the decree.

3. SHERIFF'S DEED—WHEN ISSUED.

As to the judgment debtor and his grantee, the sheriff's deed may issue at any time after the expiration of six months.

4. EXECUTION SALES.

One who has several judgments against a debtor may enforce them all, but if any particular property of the debtor is legally sold under execution, the interest of the debtor therein is divested, and a subsequent sale of the same property under other executions conveys nothing.

*Appeal from the District Court of Arapahoe County.*

THIS action was instituted by the appellant (plaintiff below) for the purpose of removing a cloud upon his title to an undivided three eighths interest in the "Wallace lode," situate in Clear Creek county, Colorado, and to compel a conveyance thereof by the defendants to the plaintiff. Trial was had upon an agreed statement of facts,—which are stated in this opinion in so far as they are pertinent,—and the court dismissed the complaint, from which judgment the plaintiff prosecutes this appeal.

It is conceded that on March 16, 1883, the title to an undivided three eighths interest in the Wallace lode was in J. S. Sanderson, and it is this interest which is in controversy here; the plaintiff claiming it by deed dated February 3, 1890, the defendants by virtue of a sheriff's deed executed and recorded on March 3, 1885, which deed was made pursuant to a sale under an execution issued upon a judgment

21　287
8a　358
21　287
d13a　377
21　287
32　524
e32　526

in favor of the plaintiff obtained in the county court of Clear Creek county in a suit wherein one John F. Teal was plaintiff and Sanderson and others were defendants.   If Sanderson's title was divested by such sale and deed, the defendants should prevail; otherwise the title of the appellant is good.

At the trial the appellees relied upon various other sheriff's deeds, based upon divers judgments obtained against Sanderson and others, but, after a careful examination of the record, we are satisfied that the defendants can sustain their claim to this property, if at all, only under the sale and the sheriff's deed based upon the Teal judgment.   The case should, therefore, be considered and determined and made to depend upon the validity of the Teal judgment and the regularity of the proceedings employed to enforce it.

While Sanderson was the owner of this property, it appears that he and some of the other owners employed Teal to do work on the mine, but did not pay him therefor.   In August, 1883, Teal, to preserve his rights under the mechanic's lien act, duly filed with the county clerk and recorder notice of his claim of a lien for his work done upon the mine.   Thereafter, and within the statutory time, he brought suit upon this claim, the object of which was to establish a lien upon the lode for the amount of the judgment to be recovered. Personal service was had upon Sanderson and other defendants, including the appellant, but all of the owners of the property were not made parties to the action, nor were any other lien claimants of record made parties thereto.   Default was entered against the defendants served; hearing was had, and a decree entered in favor of the plaintiff, embraced in which was a personal judgment against the defendants and a lien therefor established against the property.   A writ of *venditioni exponas* was awarded, directing that the property be sold thereunder, the sale to conform, as nearly as may be, to sales upon execution; and there was an order to the effect that if the premises, when sold, should not bring sufficient to satisfy the judgment, plaintiff should have execution for the residue.

For reasons which are not stated in the record, but unquestionably for one reason, at least,—that the judgment creditor was satisfied that that portion of the decree establishing the lien was invalid,—no steps were taken to carry out those provisions of the decree establishing the lien, but an ordinary execution was sued out upon the personal judgment embodied in the decree, and sale thereunder had on June 2, 1884, whereat A. M. White was the purchaser.

Thereafter, and before the time for redemption expired, this certificate of sale was assigned to Robert Turner, one of the appellees, to whom, upon the 3d day of March, 1895, no redemption having been made, the sheriff executed his deed for the whole of said Wallace lode, as assignee of said certificate.

Mr. ENOS MILES, Mr. SIDNEY H. DENT and Mr. MARCUS FINCH, for appellant.

Mr. L. C. ROCKWELL and Mr. A. D. BULLIS, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

It will be conceded, of course, that although the certificate of sale and the sheriff's deed included all of the Wallace lode, the grantee of the deed acquired only such interest as Sanderson owned therein. But whatever irregularity there may have been in including in the execution and in the certificate of sale and the sheriff's deed the entire lode, this will not invalidate the deed, or the grantee's title thereunder, as to the interest which the judgment debtor actually owned.

As we have seen, the decree in the Teal case established a lien upon the property, and awarded a *venditioni exponas*, under which the property was to be sold to satisfy the personal judgment embodied in the decree as a part thereof.

*First:* It is contended that the abandonment by the judgment creditor of his rights to enforce the lien was equiva-

lent to a surrender of all his right to enforce any part of the decree, and that the issuing of an ordinary execution upon such personal judgment and the sale thereunder and the sheriff's deed in pursuance thereof are void.

In passing we may observe that we fail to see the appropriateness of the particular writ awarded, and it may be that the judgment creditor was likewise sensible of the inadequacy of the writ to enforce the lien, and such may have been an additional ground for waiving the lien, even if valid. In *Cannon et al. v. Williams*, 14 Colo. 21, the court held that the lien as established by the trial court could not be sustained because the claimant failed to observe the substantial requirement of the statute prescribing what should be included in the recorded notice of the lien. But the court held that a personal judgment might be rendered upon which execution might issue, and dismissed the proceedings as far as the lien was concerned, but ordered execution to be issued for the collection of the debt as in case of money judgments recovered through ordinary actions at law. See, also, *St. Kevin Mining Co. v. Isaacs*, 18 Colo. 400.

The only material difference in the facts between that case and this is that in the former the superior advantages of the lien were lost by a ruling of the court, while in this case the lien claimant voluntarily relinquished his right to enforce the lien which, if valid, would have given him greater rights than would an execution on an ordinary money judgment. The appellant strenuously insists that the lien is invalid, and yet objects to the act of the claimant waiving the same. We agree with appellant that the decree, in so far as it established a lien, cannot be sustained, and an attempted enforcement thereof would have been useless. But as in the former case the personal judgment and its enforcement by an ordinary execution were saved to the judgment creditor notwithstanding the lien fell by the judgment of the appellate court, so in this case the right remains to the lien claimant who established his claim to enforce the personal judgment, although he voluntarily relinquished what the trial court de-

clared a lien, but which cannot be upheld by this court as valid.

*Second :* The appellant insists, however, assuming the validity of the Teal judgment, that the execution of the sheriff's deed on March 3, 1885, was premature and void, because it issued before the expiration of nine months from the date of the sale. To this there are two answers : (1) The sale was had on the 2d of June, 1884. The sheriff's deed was issued March 3, 1885. Between the date of the sale and the date of the sheriff's deed nine calendar months intervened. But (2) if this were not true, the appellant, being a grantee of Sanderson, the judgment debtor, cannot be heard to complain. He is subrogated to the rights of his grantor, and has such rights as his grantor would have, and none other. As to the judgment debtor and his grantee, the deed may issue at any time after the expiration of six months. Gen. Stats. (1883), sec. 1851.

*Third :* It is said that Turner was the owner by assignment of three other judgments against Sanderson, and while we do not consider it necessary to determine whether or not there is proper evidence in the record to support this assertion, yet, assuming it to be true, it is urged that before the sheriff's deed under the Teal judgment was issued to Turner executions were issued and sales made under these three judgments, and Turner became the purchaser thereat, so that he thereby redeemed from the sale under the Teal judgment, and consequently the sheriff's deed of March 3d is void.

We do not consider the claim tenable. There was no intention on the part of Turner to redeem. None of the statutory provisions for redemption were complied with in any respect. Besides, one who has several judgments against a debtor may, if he sees fit, enforce all of them ; but if any particular property of a judgment debtor is legally sold under a valid execution, the entire interest of the judgment debtor therein is divested, and a subsequent sale of the same property under other executions conveys nothing.

As we have already determined, the Teal judgment was

valid, the sale under the execution regular, and the sheriff's deed was executed as the law provides. By such proceedings all the interest that Sanderson owned in this property was divested, and became vested in Turner, whose deed therefore was placed upon record long before the appellant obtained his deed from Sanderson.

The appellant challenges the constitutionality of the mechanic's lien act on the ground that the legislature did not follow the provisions of the constitution in passing the same, but as the rights of the defendants do not in any sense rest upon that act, the point need not be determined. Besides, the record fails to show that any evidence of such noncompliance was brought to the attention of the trial court in such a way as to call for its ruling thereon, or to permit of a review of the same in this court. It follows that the judgment of the district court should be affirmed.

*Affirmed.*