[No. 4413.]

## Roose v. Gove.

**1. Execution Sales—Redemption—Judgment Debtors—Creditors.**

A judgment debtor has no right to redeem land from an execution sale after the expiration of six months from the date of sale, and an assignee of such debtor has no greater rights. Where, after the expiration of six months from the date of an execution sale, another judgment creditor redeemed the land from the sale and the party entitled thereto accepted the redemption money, an assignee of the judgment debtor could not question the title of the purchaser at the second execution sale on the ground that the judgment under which it was made was void.

**2. Same.**

The effect of a redemption from an execution sale by a judgment creditor is not to vacate the sale and set it aside as though the redemption had been made by the debtor, but it operates to transfer the rights of the creditor who made the sale to the one redeeming, provided the redeeming creditor has the right to redeem, and if the holder of the certificate of sale accepts the redemption money the rights of the redeeming creditor are the same as though his redemption was in all respects valid.

*Appeal from the District Court of Boulder County.*

Mr. T. M. Robinson, Mr. John R. Smith and Mr. O. A. Johnson, for appellant.

Messrs. Young & Luthe, for appellee.

Chief Justice Gabbert delivered the opinion of the court.

Appellant brought an action to quiet title to a tract of land: Appellee answered, setting up title by virtue of a sheriff's deed. To this the appellant replied, attacking the validity of such deed. The issues were found in favor of the defendant, and a decree rendered, quieting the title in him. The plaintiff appeals.

Several important questions are argued, but the only one necessary to consider is, whether or not plaintiff can be heard on the propositions on which she relies, to question the deed under which the defendant deraigns title, or the proceedings which led up to its issuance. One Charles E. Huggins was the owner of the property. Pending its advertisement under execution Huggins conveyed to the plaintiff. No redemption from the execution sale was made by either plaintiff or her grantor during the six months following the execution sale. After that period one Bergland, a judgment creditor of Huggins, redeemed from the sale in the manner designated by sec. 2548, 2 Mills' Ann. Stats., and the sheriff again offered the property for sale under the execution in favor of the redeeming creditor, as provided by this section. There being no bid in excess of the cost of redemption, a sheriff's deed was issued to Bergland in conformity with the provisions of sec. 2549 *ibid.* The latter subsequently conveyed to the defendant. The money paid the sheriff to effect the redemption was accepted by the party entitled thereto. The validity of the original sale is not questioned, but plaintiff attacks the validity of the judgment under which Bergland redeemed, and the regularity of the proceedings thereunder. She cannot raise these questions. The judgment debtor had no right to redeem after the expiration of six months from the date of sale—sec. 2547 *ibid.* Plaintiff, as his grantee, was

subrogated to his rights, but they are no different from those of her grantor.—*Finch v. Turner,* 21 Colo. 287. The only person affected by the redemption has recognized its validity. Plaintiff no longer had any such interest in the question of redemption as entitled her to raise any objection on that score. Hence, whether the judgment under which Bergland redeemed was valid, or the proceedings thereunder regular, does not concern the plaintiff, for she was not injured by the judgment or sale thereunder, which she now seeks to attack. As against her, in these circumstances, the sheriff's deed is valid, and vested the title to the premises in Bergland, who has conveyed to the defendant. When the grantee of a judgment debtor fails, within the time prescribed by law, to exercise the statutory right to redeem lands from an execution sale in all respects valid, he cannot question the validity of a redemption from such sale by a judgment creditor of the debtor, or the title acquired by virtue of a sale in pursuance of such redemption, when the party entitled to the redemption fund has accepted it.—*Massey v. Westcott,* 40 Ill. 160; *Bozarth v. Largeant,* 128 Ill. 95; *Rush v. Mitchell,* 71 Iowa 333.

The judgment of the district court is affirmed.

*Affirmed.*

Steele, J., not sitting.

### On Rehearing.

*Per Curiam.*—Further consideration of the case has not changed our conclusion. In the Illinois cases cited, expressions are found which certainly support the view that plaintiff could not raise the question respecting the validity of the judgment under which Bergland redeemed. In addition we now cite *Pearson v. Pearson,* 131 Ill. 464, in which it was held (quoting the syllabus):

"It matters not whether a party has the right to redeem from a sheriff's sale of land as a judgment creditor or not, if the purchaser at such sale accepts the redemption money. Such acceptance terminates all the rights of the purchaser to the land, and no one else can question the validity of the redemption."

In *Hare v. Hale,* 41 Ark. 372, it was held that a judgment creditor whose judgment was void, who redeemed land of the judgment debtor from sale under a prior judgment, with the consent of the purchaser and received a sheriff's deed therefor, obtained good title to the land.

There are cases from the supreme court of Illinois referred to by counsel which do not appear to be altogether harmonious with these cases, and which hold that a redemption made by a judgment creditor, in order to be available under his statutory right to redeem must be under a valid judgment and valid execution, and that the acceptance of the redemption money by the purchaser under the judgment sale redeemed from does not change this rule. Such is the holding in *Meyer v. Mintonye,* 106 Ill. 414. The court, however, in that case says that this doctrine has become a rule of property in that state, and it is now too late to question it.

An analysis of the statutes relative to execution sale will serve to further demonstrate that the conclusion originally announced is correct. The judgment debtor is given six months after date of sale within which to redeem. After that period judgment creditors are the only persons who may redeem; so it necessarily follows that the judgment debtor not having any right of redemption cannot question subsequent proceedings which do not affect his rights. True, he is not divested of the legal title until a sheriff's deed issues, but after the period of redemption has expired the only question open is, to whom

shall such deed issue? The only person who can raise that question is the holder of the certificate of sale from which redemption was made, because no other's rights are affected by its issuance. He may waive this right, but that is not a waiver of which the debtor can complain, or take advantage. The redemption by a judgment creditor, the sale under his execution and issuance of deed thereon deprives the judgment debtor of nothing which he otherwise would have had.—*Smith v. Mace,* 137 Ill. 68. Inferentially, *Finch v. Turner, supra,* sustains these views. It was there held that as to the judgment debtor, the deed may issue at any time after the expiration of six months. While such deed would be premature as against judgment creditors, that is not a matter of which the judgment debtor can complain, because his right of redemption has expired, and upon the issuance of a sheriff's deed, based on the original sale, his rights in the property have terminated.

The effect of a redemption from an execution sale by a judgment creditor is not to vacate the sale, and set it aside, as though the redemption had been made by the debtor, but it operates to transfer to the creditor redeeming, the rights of the creditor from whom he redeems, provided, of course, that the creditor redeeming has the right to do so.—3 Freeman on Executions, (3d ed.) § 321, p. 1884. If, however, the holder of the certificate of sale accepts the redemption money, the rights of the creditor redeeming are the same as though his redemption was in all respects valid.—*In re Opening of Eleventh Ave.,* 81 N. Y. 436.

The judgment of the district court will stand affirmed.

*Affirmed.*

Steele, J., not participating.