[No. 4085.]

## JENKINS V. GOLD DOLLAR MINING AND MILLING COMPANY.

1. EXECUTION SALE—*Redemption.* In the absence of a statute neither the debtor, his grantee, nor his creditor, is entitled to redeem from an execution sale of land. (249.)

2. —— *Mortgagee's Right.* A mortgagee of lands may discharge a judgment which is senior to his mortgage, and be subrogated in equity to the right of the judgment creditor.

If entitled to redeem from a sale of the lands under such prior judgment, which is not decided, he must not delay until a junior judgment creditor, by redemption, and a sale pursuant thereto, has succeeded to the rights of the creditor in the senior judgment (Rev. Stat., 3653, 3654). (249.)

3. —— *Sheriff's Deed, upon redemption sale,* made by a judgment creditor, relates to the lien of the prior judgment, and supersedes an intervening mortgage. (250.)

The court recommends an amendment to the statute, to the effect that all liens upon real estate shall be paid according to their priority of record. (251.)

*Error to Gilpin District Court.* HON. CHAS MCCALL, Judge.

Mr. W. C. FULLERTON and Mr. CHASE WITHROW, for plaintiff in error.

Mr. JAMES M. SERIGHT, for defendants in error.

MORGAN, J.

Writ of error by plaintiff in the lower court, who brought a suit to foreclose a mortgage on real property, and to set aside a sheriff's deed obtained by the defendants, a partnership, and judgment creditors of the mortgagor. A general demurrer was sustained to the plaintiff's second amended complaint, and, as he elected to stand upon it, judgment was entered against him.

The complaint alleged the following pertinent facts: the giving and recording of the mortgage, and the default; that prior to and at the time of the giving of the mortgage, a judgment lien existed of record against the mortgagor, and after the mortgage was made and recorded, execution was issued on said judgment, the property was levied upon and sold, and a sheriff's certificate of purchase was issued; that prior to the expiration of the six months given by statute (Sec. 3652, R. S. 1908), for the judgment debtor, "his heirs, executors, administrators, or grantees," to redeem from said sale, no effort was made to redeem, nor at any time thereafter, by the debtor or the mortgagee; that within the next three months, given by statute (Sec. 2653, R. S. 1908), "for any judgment creditor to redeem," the partnership defendants herein, having obtained a judgment against the mortgagor, debtor, subsequent to the making and recording of the mortgage, redeemed the property from said sale, as provided by said secs. 3653 and 3654, R. S. 1908, and the property was sold again, by virtue of the execution issued and levied under the subsequent judgment; the said partnership defendants bid "the amount paid to redeem, only," and received a sheriff's deed "forthwith," as provided by said sec. 3654.

The point raised by the demurrer and relied upon here, is, that the mortgagee, the same as the debtor, mortgagor, lost his rights under the mortgage, by failing to redeem at any time, or to make any offer to do so; and that the sher-

iff's deed relates back to the lien of the senior judgment, and that the redeeming creditor is entitled to the rights of the purchaser from whom the property was redeemed, and that the deed is, therefore, paramount to the mortgage.

It is unnecessary to quote or to discuss all of our recording and redemption acts in order to decide this question; it is sufficient to say that, without the statutes of redemption, neither judgment debtors nor judgment creditors, nor grantees of the judgment debtor, taking his title, could redeem from an execution sale. *Paddack v. Staley*, 13 Colo. App. 363, 369, 58 Pac. 363; Freeman on Executions (3rd Ed.), Sec. 321. This rule, however, in reference to the right to redeem, would not prevent a mortgagee from paying off a prior judgment and being subrogated in equity to the rights thereunder for his protection; but, on account of the redemption statute, he must not delay, as in this case, and permit an execution sale to be made under such prior judgment, and suffer the time to arrive when subsequent judgment creditors may redeem from said sale, under the statute, and thereby to become entitled to the rights of the purchaser at said sale, and to take a sheriff's deed that relates back to the lien of the prior judgment, and, thereby, become superior to the mortgage. It is not necessary to decide whether a mortgagee has a right under the statute to redeem, as no offer nor attempt was made to redeem. However, it has been held in Illinois, in 1871, construing the statute in effect at that time, and from which, it appears our statute was taken, that a mortgagee is a grantee, within the meaning of the statute. *Seligman v. Laubheimer*, 58 Ill., 124, 125. A contrary view, however, is expressed in New York. *Van Rensselaer v. The Sheriff, infra*. And it has been held in many cases in Illinois, including those hereinafter cited, that the statute providing a limited time for judgment debtors and their grantees to redeem, operates as a statute of limitation, and, unless they redeem within the time limited. their rights are lost. The

same has been held in this state. *Roose v. Gove. infra.*

In the case of *Roose v. Gove,* 32 Colo. 522, 526, 77 Pac. 246, relied upon by counsel, the Supreme Court held that a judgment debtor and his grantees lost their rights, by failing to redeem within the six months; and held, also, that a redemption, by a junior judgment creditor, "operates to transfer to the creditor redeeming, the rights of the creditor from whom he redeems." *Finch v. Turner,* 21 Colo. 287, 40 Pac. 565. And the Supreme Court of Illinois, in a long line of decisions has so construed a statute of that state from which, it appears, our statute was taken. *Sweezy v. Chandler,* 11 Ill. 445; *Stone v. Gardner,* 20 Ill. 304, 71 Am. Dec. 268; *Blair v. Chamberlin,* 39 Ill. 523, 89 Am. Dec. 322; *Smith v. Mace,* 137 Ill. 68, 73, 26 N. E. 1092. In the case last cited the court said:

"A title acquired at an execution sale upon redemption by a junior judgment creditor relates back to the judgment from which the redemption is made, and is paramount to any title acquired subsequent to the beginning of the lien of that judgment. The junior judgment may not, itself, have been a lien upon the property redeemed,—it is the lien of the senior judgment that is enforced."

The same construction has been announced in other states: *Van Rensselaer v. The Sheriff,* 1 Cowen (N. Y.) 32, 501; *Rush v. Mitchell,* 71 Ia. 333, 32 N. W. 367.

Our Supreme Court and the former Court of Appeals have clearly indicated an intention to follow the Illinois decisions and to place the same construction upon our statute. *Floyd v. Sellars,* 7 Colo. App. 498, 44 Pac. 373; *Sellars v. Floyd,* 24 Colo. 484, 52 Pac. 674; *Roose v. Gove, supra; Paddack v. Staley, supra; Finch v. Turner, supra.*

Nothing herein shall be construed as preventing the plaintiff from foreclosing the mortgage upon the property covered by it to secure the purchase price thereof, which property it appears was not sold at any of the execution sales.

The writer of this opinion feels constrained to recommend to the law making power of the state an amendment to our redemption statute, to the effect that all liens on real estate should be paid according to their priority of record, so that there may be no real or apparent conflict between the recording acts and the redemption statutes.  As they now stand, courts can do no more nor less than enforce them.  And, to avoid uncertainty, the Legislature should, by amendment, insert the words—mortgagees, and "any person interested in the premises through or under" the judgment debtor, as the Legislature of Illinois did, in 1872, after this state adopted the statute of that state.  And the Legislature could, also, consider the suggestion of the late Judge Bissell in the case of *Paddack v. Staley, supra;* or follow the Legislature of Illinois, by giving to each judgment creditor a limited time (two days in Illinois), in which to exercise the right to redeem, in the order of their priority. Sec. 24, Ch. 77, Starr and Curtis' Am. St. Ill.

Judge Bissell said, referring to the redemption act, in *Paddock v. Staley, supra*:

"This is the condition of our redemption statute. It is an unfortunate piece of legislation which loudly calls for legislative correction. The courts are impotent to aid creditors and only the law making power may furnish a remedy. Many states provide that subsequent creditors shall have the right to redeem according to their priority and within dates and times named in the act, so that each judgment creditor may exercise and preserve his lien and his claim not by excessive diligence and redemption in the midnight hour, but within specific limits. Manifestly this would be right and proper. But there is no such provision in our statute. Any judgment creditor may redeem within the time specified; he may be, the first, the second, the fifth, or one who has come into the vineyard at the eleventh hour and he will receive as much benefit from the statute as though he had been originally hired."

*Judgment affirmed.*

Decided April 12th, A. D. 1915.   Rehearing denied
June 15, A. D. 1915.