No. 10,286.

PAUL v. MARTY, SHERIFF.

Decided December 18, 1922.

Mandamus to compel the delivery of a sheriff's deed on sale under execution. Demurrer to alternative writ sustained.

## Reversed.

1. MANDAMUS—*Sufficiency of Writ.* The contention that an alternative writ of mandamus to compel the issuance of a sheriff's deed to property sold under execution, does not state a cause of action, overruled.

2. EXECUTION—*Sale—Redemption.* A premature redemption by a judgment creditor cannot be objected to by the owner of the property if he fails to redeem within his time; and the holder of the certificate of purchase cannot object if he accepts the redemption money.

3. DIVORCE AND ALIMONY—*Alimony Order—Execution.* Under the provisions of section 7, p. 182 S. L. 1917, an execution is authorized not only on an order for permanent alimony, but on temporary alimony also.

4. PLEADING—*Judgment and Execution.* A judgment and issuance of execution being pleaded in the usual way, to which there is no answer, execution must be taken to have been properly issued.

5. EXECUTION—*Award.* While the award of an execution is judicial, under the provisions of section 3609, R. S. 1908, it follows the judgment as a matter of course. The issuance of it is ministerial and a matter of right.

6. PLEADING—*Judicial Notice.* It is error for a court to take notice of matters appearing in its own records as if alleged in a complaint, when there is no such allegation.

7. APPEAL AND ERROR—*Record.* The appellate court cannot look to matters not in the record, to sustain a judgment.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. R. R. CLOUD, Mr. WILLIAM B. MORGAN, for plaintiff in error.

Messrs. HAWLEY & ERICKSON, Messrs. SABIN & MC-GLASHAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JULIA G. PAUL brought mandamus against Marty, sheriff, to compel him to deliver her a deed for real estate upon a certificate of purchase issued to her by him on execution sale; a demurrer to the alternative writ was sustained, she had leave to amend but later elected to stand by the pleadings as they were and the case is here on error.

The writ alleges that on June 3, 1921, and at all times mentioned prior thereto, one C. H. Paul was the owner of the property in question; that in September, 1920, Dickey et al., recovered a judgment against him, that execution was issued thereon under which on June 15, 1921, said property was sold to one Anderson for $1100, and a certificate of purchase delivered to him by the sheriff; that on the 28th of April, 1921, Julia G. Paul recovered a judgment in said court against C. H. Paul for temporary alimony, court costs and attorney's fees, upon which, May 27, 1921, execution was issued and certificate of levy filed June 3, 1921, on the property in question. That July 14, 1921, she redeemed said property from the sale to Anderson and received the certificate of redemption referred to hereafter; that there was then due upon her judgment $200; that on October 1, 1921, "upon said judgment and by virtue of execution levied upon said property" the sheriff advertised said property for sale, and October 31, sold it to Mrs. Paul for $204; that thereupon she demanded a deed which he refused. The said certificate of redemption reads in part as follows:

"I, John J. Marty, Sheriff of this county, do hereby certify that J. G. Paul, the record owner, has this day redeemed, etc. * * *"

All the objections to the writ are included in the claim that it does not state a cause of action.

The first objection is that since it attaches the certificate of sale as an exhibit, the writ shows that Mrs. Paul redeemed as record owner and not as a judgment creditor, but inasmuch as it definitely alleges that C. H. Paul was the owner and shows that he was the judgment debtor in the execution in favor of Dickey which the sheriff had levied against the property in question, and that the sheriff had levied the execution of the relator and had proceeded afterwards to sell thereunder, we cannot say that the alternative writ shows that she was the owner or redeemed as such.

It is said that the writ shows that Mrs. Paul redeemed one day before the expiration of the time for redemption by the owner. A premature redemption by a judgment creditor can be objected to only by the owner, and by the holder of the certificate of purchase, and by the former, not if he fails, as in this case, to redeem within his time, because he then has no rights to protect (*Roose v. Gove*, 32 Colo. 522, 77 Pac. 246) ; and by the latter, not if he accepts the redemption money, which in this case he did. Id.; 23 C. J. 734, § 771; *Landrum v. Hatcher*, 11 Richardson (S. C.) 54, 70 Am. Dec. 237.

The point is made that no execution can issue on an interlocutory order for alimony; that it is not a judgment. This point is foreclosed by *Daniels v. Daniels*, 9 Colo. 133, 140, 10 Pac. 657, and the cases there cited. R. S. 1908, § 3609, S. L. 1917, p. 182, § 7. We do not think that the execution mentioned in said section 7 is authorized on permanent alimony only, but on temporary alimony also.

It is claimed there was no court order for the relator's execution. The judgment and issue of the execution is alleged substantially in the usual way. 3 Chitty's Pleadings, (13th Am. Ed.) 1089, Estee's Pleadings, 4th ed., § 3703. There being no answer the execution must be taken to have been properly issued. R. S. 1908, § 3609, provides for execution upon all judgments of every kind. See 23

C. J., 315, § 16. True the award of execution is judicial, but under the above statute it follows the judgment as a matter of course. The issue of it is ministerial and is a matter of right. 23 C. J. 314, §§ 15-51, p. 363, § 116, p. 365, § 119. See also 10 R. C. L., p. 1219, § 4.

Much of the argument of defendant in error in support of the demurrer is based on assumed facts which do not appear in the writ but only in the brief. These matters we disregard. It would seem the court below took notice of matters appearing in its own records as if they were alleged in the writ. If this was done, it was, of course, error. Obviously we cannot look to matters not in the record before us to sustain a judgment.

Judgment reversed and cause remanded with directions to overrule the demurrer and proceed with the cause.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.