No. 10,865.

MARTY, SHERIFF v. PAUL.

Decided May 5, 1924.   Rehearing denied June 2, 1924.

Action in mandamus.   Peremptory writ granted.

*Reversed.*

1.  EXECUTION—*Sale—Redemption.*  One who redeems from an execu-
tion sale as owner, cannot, upon a subsequent execution sale,
insist that he redeemed as a judgment creditor.

2.      *Redemption.*  The right of redemption of land from an execu-
tion sale is purely statutory.

*Error to the District Court of Las Animas County, Hon.
A. F. Hollenbeck, Judge.*

Messrs. HAWLEY & ERICKSON, Messrs. SABIN &
McGLASHAN, for plaintiff in error.

Mr. RILEY R. CLOUD, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in mandamus brought by Julia G. Paul
against John J. Marty, sheriff, to compel delivery of a
sheriff's deed following an execution sale at which plaintiff
was purchaser and claimed to be a judgment creditor of the
party whose lands were sold.   The alternative writ was
answered by defendant, and upon a hearing a peremptory
writ was granted.   The defendant brings the cause here
for review.

In September, 1920, T. A. Dickey and others obtained a
judgment against one C. H. Paul.   Execution was issued
thereon under which on January 15, 1921, certain real
estate of the judgment debtor was sold to one H. L. L.
Anderson for $1,100, and a certificate of purchase delivered
to him by the sheriff.

On April 28, 1921, the plaintiff, Julia G. Paul, in a suit
for separate maintenance, obtained an interlocutory order

against C. H. Paul for temporary alimony, payable monthly, and for attorney fees and costs. On May 27, 1921, execution was issued on this order, as upon a judgment, for the attorney fees, costs, and the alimony then accrued. The writ of execution was returned satisfied by the sale of property other than the real estate now involved.

On July 14, 1921, plaintiff redeemed the real estate which had been sold to Anderson as the property of C. H. Paul, and received the certificate of redemption hereinafter referred to.

On July 27, 1921, plaintiff dismissed her suit against C. H. Paul. What effect the dismissal had upon plaintiff's right to enforce by execution the orders previously made in that case is a question not necessary to be considered. On October 1, 1921, plaintiff caused an execution to issue to collect further alimony in the sum of $200, due her under the order made in the separate maintenance case prior to its dismissal. Pursuant to the writ of execution, the defendant sheriff levied upon and offered for sale the interest of C. H. Paul in the real estate involved in the instant case, being the same property which had theretofore been sold to Anderson at an execution sale, and redeemed by plaintiff, as hereinbefore stated.

At the sale of this property under plaintiff's execution, held on October 31, 1921, the plaintiff bid the amount of her judgment with interest, the sum of $204, and the amount paid by her in making redemption from the previous sale to Anderson, the sum of $1,144, for the property, which being the highest and only bid received therefor, the property was thereupon struck off to plaintiff by the sheriff. The sheriff offered to execute and deliver to plaintiff a certificate of purchase upon her paying to him the full amount of the bid. She tendered only all costs of the service and levy upon the execution, and demanded a sheriff's deed for the property. This the sheriff refused to do, and to compel him to do so, this suit in mandamus was instituted.

If plaintiff was entitled to receive a deed from the sheriff, under the circumstances above stated, it would be on the

theory that she was purchasing the property as a *creditor* who had previously redeemed it from execution sale. Section 5953, C. L. 1921, provides, among other things, that "Any judgment creditor, having so redeemed such lands, shall be considered as having bid at such sale the amount of said redemption money, so paid by him,  *  *  *;  and if no bid greater than said amount shall be offered, the lands shall be struck off and sold to such judgment creditor or creditors, and a deed thereof shall forthwith be executed by such officer to such creditor or creditors,  *  *  *."

The trial court, upon the hearing, did not find that plaintiff had theretofore redeemed the property as a judgment creditor. On the contrary, the court expressly found, which finding is incorporated in the peremptory writ, as follows:

"That prior to the 14th day of July, 1921, and on said day, the plaintiff herein demanded of the said sheriff and of the said H. L. L. Anderson, that she be permitted to redeem the certificate of purchase issued to the said H. L. L. Anderson, as owner of said property, under a tax deed therefor, which had, prior thereto, been assigned to her."

In addition to this finding, the evidence is undisputed that plaintiff on redeeming from the sale to Anderson received a certificate of redemption containing the following recital: "I, John J. Marty, sheriff of this county, do hereby certify that J. G. Paul, the record owner, has this day redeemed, etc.  *  *  *."

This certificate was filed for record in the office of the county clerk and recorder on the same day that plaintiff made the redemption.

The evidence is further undisputed that plaintiff represented to the sheriff's office, at the time of the redemption and prior thereto, that she was the owner of the land. On this point the undersheriff testified as follows: "She told me the property was her's and that she was record owner already of that property, owner of it by record. She had a tax deed or something like that to it,  *  *  *."

The evidence shows that a tax deed was issued on the land in 1920, to one Barton; thereafter Barton conveyed

to one Howell, and in September 1920, Howell conveyed the tax title to plaintiff. After that time, plaintiff executed a deed of trust upon this property, and also a lease thereon.

The court's finding, and the evidence above mentioned, show that plaintiff desired to redeem, and did in fact redeem the property from the sale to Anderson as an owner and not as a judgment creditor of C. H. Paul. She redeemed within the six months' period which is allowed to owners to redeem. She followed the procedure prescribed for redeeming owners and not that provided for redemption by judgment creditors.

When plaintiff redeemed as owner, and permitted the recording of a certificate of redemption as one issued to the owner of the property redeemed, the land was freed from the consequences of the sale at execution to Anderson. 23 C. J. 728. If thereafter another execution sale was had, it would be unaffected by anything pertaining to the first sale. When plaintiff bid in the property on the subsequent execution sale, the sheriff was not bound to treat the property as having been theretofore redeemed by a judgment creditor, even if he could lawfully do so, but it was his duty to proceed, as he did, to treat the second sale as of property freed from the Anderson sale, and to require any purchaser to pay the full amount of the bid, and to issue, not a deed, but a certificate of purchase.

In the brief of plaintiff it is contended that the sheriff has no right to question plaintiff's redemption from the Anderson sale. He does not, however, question it. He simply treats it as plaintiff herself originally desired, a redemption as by the owner of the land.

It is next stated that plaintiff was in fact a judgment creditor at the time of the redemption in question. True, but she nevertheless insisted on redeeming as owner because she was grantee of the holder of a tax deed, and, so far as we can learn from the record, had no objection to the issuance of a redemption certificate showing redemption by an owner, not by a judgment creditor.

Plaintiff invokes the rule that upon redemption, the re-

demptioner succeeds to the rights of the execution purchaser, but that rule has no application where the judgment debtor, or his successors in interest in the property, redeem, nor where the redemption is by one claiming as owner, whether he be the judgment debtor or not.

The ultimate question really is, Can one who redeems from an execution sale as owner, insist upon a subsequent execution sale that he redeemed as judgment creditor? This question must be answered in the negative. To answer it in the affirmative would permit an evasion of the statute relating to redemption by judgment creditors. The right of redemption is purely statutory. 23 C. J. 712. Certain matters may, of course, be waived. The question above stated is answered in the negative at this time in the light of the facts involved in the case, and it is now held that the sheriff acted within his rights in refusing to execute a deed to plaintiff, she not having redeemed the property as judgment creditor.

The conclusion above announced is not inconsistent with anything said in *Paul v. Marty,* 72 Colo. 399, 211 Pac. 667, when this cause was here before. We then had before us only the alternative writ and the demurrer thereto, and held that under the allegations of the alternative writ we could not say that plaintiff below "was the owner or redeemed as such." The defendant's answer, after the cause was remanded, alleged, and the court found, in effect, that plaintiff did redeem as owner and not as judgment creditor.

The judgment is reversed and the cause remanded with directions to dismiss the suit.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.