## C. B. BUTLER

*v.*

## C. D. BROWN *et al.*

*Opinion filed December 16, 1903.*

1. REDEMPTION—*when party cannot redeem as a judgment creditor.* One who purchases mortgaged property at an execution sale under his own judgment can redeem from a subsequent foreclosure sale only under section 18 of the act on judgments and decrees as a party interested, and his rights under such redemption are not paramount to the homestead estate of the mortgagor, even though the same was released in the mortgage.

2. SAME—*effect of redemption under section 18 of Judgments and Decrees act.* The only effect of redemption under section 18 of the act on judgments and decrees is to render null and void the sale and certificate of the master.

3. SAME—*party redeeming under section 18 not subrogated to benefits of the foreclosure.* One redeeming from a foreclosure sale under section 18 of act on judgments and decrees is not entitled to be subrogated to the rights and benefits of complainant in such foreclosure, to whom the homestead had been released by a clause in the mortgage foreclosed.

4. EQUITY—*decree must be authorized by allegations of bill.* A decree cannot grant relief, although warranted by the evidence, where there are no allegations in the bill to which such evidence applies,

notwithstanding a voluntary offer made in the answer, which was not accepted by the complainant, who filed a general replication.

5. HOMESTEAD—*effect of sale without setting off homestead—mortgages.* Where homestead property is sold on execution without setting off the homestead estate, the purchaser takes the legal title to the excess over $1000 only, notwithstanding the property is covered by a prior mortgage in which the homestead estate is released and from the foreclosure of which he redeems.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

O. J. BOYER, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

One of the appellees, C. D. Brown, was indebted to the appellant in the sum of $665, and executed his note therefor. This note was not paid at maturity, and judgment was rendered thereon and execution issued upon the judgment, which was levied upon the homestead of appellees. On February 23, 1901, the premises were sold by the sheriff of Fulton county for $852.32, the amount of the judgment and costs, and a certificate of purchase was issued by him to appellant. On June 12, 1902, the equity of redemption having expired upon that sale, the appellant took a sheriff's deed to the premises. Prior to the rendition of that judgment appellees had executed a mortgage upon said lands to one Jane Hand for the sum of $1000, releasing and waiving in said mortgage their right of homestead. That mortgage indebtedness was not paid at maturity, and a bill was filed to foreclose the same, a decree of sale rendered, and on August 19, 1901, the lands were sold to the said Jane Hand by the master in chancery for the sum of $1272.71, and his certificate of purchase issued to her. On August 14, 1902, fifteen days prior to the expiration of the year in which appellees had the right to redeem from said mortgage sale, the appellant redeemed the premises by virtue of

his sheriff's deed and paid to the master in chancery the sum of $1347.38. At the May term, 1903, of the circuit court of Fulton county, he filed this bill for relief, setting up the above facts, and asking that the homestead rights of appellees be subjected to contribution to the mortgage indebtedness of said Jane Hand as redeemed by appellant from said mortgage sale, and that appellees be ordered to pay appellant the sum of $1272.71, with interest from August 4, 1902, and in default of such payment that appellant be subrogated to all the rights and benefits of said foreclosure, and that all claims of appellees in said homestead premises be' declared void, and for general relief. Appellees filed their answer to said bill, in which they denied the right of the complainant to the relief prayed, but offered that if he would pay them the sum of $1000 (the value of their homestead) they would execute to him a release of all their claim in and to the premises. This offer the complainant did not accept, but filed his replication, and the cause proceeded to a hearing before the chancellor, upon which the bill was dismissed. To reverse the decree of dismissal this appeal is prosecuted.

It is conceded that the premises in controversy were the homestead of appellees and were of the value of about $2500. At the time of the sale, on February 23, 1901, by the sheriff of Fulton county under appellant's execution, there were no proceedings for assigning or setting off the right of homestead, as provided in sections 10 and 11 of chapter 52 of our statutes. By that sale the judgment became satisfied, and the only interest which appellant then had in the premises was the legal title to the excess over $1000. *Krupp* v. *Brand*, 200 Ill. 403.

Our statute provides (chap. 52, sec. 4,) that the only way a homestead may be released or waived is by virtue of a writing signed and acknowledged by the householder and his wife, the same as a deed, and if this writing be a mortgage, it shall only operate as to the specific

release of homestead therein contained. The appellees, by their mortgage to Jane Hand, had made this release of homestead as provided in this section, and it was therefore included in the foreclosure sale of August 19, 1901. From that sale, however, the appellant could redeem only by virtue of section 18 of chapter 77 of our statutes, as one interested in the premises, the only effect of his redemption, as provided in that section, being to render null and void the sale and certificate of the master. No greater right is conferred by that section. If he had redeemed as a judgment creditor, as provided in sections 20, 21, 22, 23 and 24 of the same chapter, the right acquired would have related back to the judgment or decree from which the redemption was made, and would be paramount to any title acquired subsequent to the beginning of the lien of such judgment or decree and would in this case have covered the homestead rights of appellees. (*Smith* v. *Mace*, 137 Ill. 68.) If appellant had permitted his execution to remain as a lien upon the premises, and had not sold the same and acquired the title by sheriff's deed, he could have redeemed under these last named sections and would have been entitled to the relief herein sought, but by his sale and sheriff's deed he could, as already said, only redeem by virtue of section 18, which does not give him the rights prayed for in his bill.

Under the statute the appellees had one year from the date of sale under said mortgage during which they could have redeemed and saved their homestead rights. The appellant, by his redemption fifteen days before the expiration of the year, deprived appellees of this right, and now to grant the relief as prayed in appellant's bill would be to deprive appellees of their homestead without any default or *laches* upon their part, and to give appellant a greater title in said premises than he is entitled to under the statute.

The homestead of appellees has in no way been extinguished, and it now exists paramount to any claim

appellant may have in the premises. He could only enforce a claim against the homestead premises by a bill, with proper averments, offering to pay defendants the value of their homestead, or asking the court to order the appointment of commissioners to set off the same to them. He contends that he is entitled to some such relief upon this bill under the general prayer for relief. Having failed to accept the offer of defendants to take $1000 and filed his general replication to the bill, the relief could only be in conformity with the averments of the bill supported by the proofs. A decree in chancery cannot grant relief, though warranted by the evidence, where there are no allegations in the bill to which the proofs can be applied. (*Dorn* v. *Geuder*, 171 Ill. 362.) In that case we said (p. 369): "It is a fundamental rule of equity pleading that the allegations of the bill, the proof and the decree must correspond, and that the decree cannot give relief that facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply, and that if the evidence disproves the case made by the bill the complainant can not be given a decree upon other grounds disclosed by the proofs, unless the court permits the complainant to amend his bill so as to present the case disclosed by the evidence,"—citing a long line of authorities.

The allegations and prayer of this bill are very specific, and under the law the relief sought could not be granted. The ruling of the circuit court in dismissing the bill at complainant's cost was right, in the absence of any request by him for leave to amend his bill. We are, however, of the opinion that in view of the equities of the case the dismissal should be without prejudice, and the decree below will be so modified. The costs must be paid by appellant.

*Decree modified and affirmed.*