## Nathan C. Dow Company et al. v. Henry Deist et al.

### Gen. No. 11,967.

1. RECEIVER—*when appointment of, without notice, improper.* The appointment of a receiver is a more serious matter than is the granting of an injunction, and it is error to appoint a receiver without notice where no showing of emergency is made.

2. INTERVENING PETITION—*when error to strike from files.* It is error to strike from the files without a hearing a petition which sets up a claim to funds in the hands of the court.

3. DECREE—*must be sustained by existence of pleadings.* A decree which dismisses all the affirmative pleadings upon which it could be predicated is erroneous in that there is nothing to sustain it, and it accordingly must be reversed.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed November 14, 1905.

**Statement by the Court.** Henry Deist, appellee, filed his bill on October 22, 1902, in the Superior Court to foreclose a trust deed given by Edwin G. Freedman to William Loeb, as trustee, dated March 27, 1902, to secure Freedman's promissory note of that date for $4,000. The premises conveyed by the trust deed are lots 28 and 29 in block 4 in McKechan & Mason's Subdivision of the west half of the northwest quarter of section 14, township 38 north, range 14 east of the third principal meridian, known also as numbers 5553 and 5555 Cottage Grove avenue, in the city of Chicago. The trust deed was duly recorded in the recorder's office of Cook County on April 12, 1902. Appellants were not made parties to the bill.

On December 4, 1902, appellee Deist filed his amended bill of complaint, alleging that by the deed of trust Freedman covenanted to pay all taxes on said premises in due season, and in case of breach of said covenant the whole of said sum of $4,000 and interest thereon should, at the option of the legal holder of said indebtedness, become immediately due and payable; that Freedman failed to pay the

taxes on said premises for 1901, and that Deist elected to and did declare the whole of said indebtedness due and payable, and makes the usual averments of a foreclosure bill. It further sets up that defendants Charles M. and Ella I. Bockoven claim to have a long lease upon said premises, but complainant alleges upon information and belief that said Bockovens have no valid lease of any kind of said premises, and that any pretended lease they or either of them have was executed subsequent to complainant's trust deed, and was only placed on said premises as a cover for the fraudulent transactions of William Loeb, and for the purpose of diminishing the value of said premises; that a receiver ought to be appointed to collect the rents from the actual tenants of the premises for the benefit of complainant, and prays for a receiver and for foreclosure of said trust deed.   Appellants Charles M. Bockoven and Ella I. Bockoven were made parties to the amended bill.   The bill was verified.

On the application of complainant the court on November 11, 1902, appointed a receiver of the rents and profits of the premises with the usual powers of receivers in such cases.

On November 19, 1902, appellants Charles M. and Ella I. Bockoven filed their answer admitting that. they had a lease of the premises for a period of years, denying that the lease was made fraudulently, or to diminish the value of the premises, also denying that Freedman executed the trust deed.   To this answer Deist filed a replication.

The defendant Babette Mergentheim filed her answer to the bill and afterward on November 10, 1902, filed her cross-bill making all the parties to the original bill parties defendant to the cross-bill.   The cross-bill sets forth the execution of a trust deed dated January 24, 1893, by Leonore Weil and Solomon Weil, her husband, to William Loeb, trustee, conveying said premises for the purpose of securing payment of the note of Weil for $14,000, upon which $2,000 had been paid, and alleges that cross-complainant is the owner of said indebtedness and that default

had been made in the payment thereof, and claims a first lien on the premises, and prays for foreclosure of the trust deed and for a receiver.

The cause being at issue on both bills was referred to a master to take evidence and report his conclusions.

On August 30, 1904, appellant Nathan C. Dow Company, an Illinois corporation, filed its intervening petition alleging that the Bockovens and the Security Renting & Loan Company had transferred all their title and interest in the premises to it for the sum of $689.12 and that the conveyance was duly recorded in the recorder's office of Cook County; that the Bockovens had surrendered possession of said premises to the receiver under the order appointing him and that the receiver was in possession collecting the rents; that at the date of the appointment of the receiver the Bockovens and the Security Renting & Loan Company were in possession of the premises under the lease dated January 20, 1902, and that the Bockovens had been in continuous possession from March 1, 1900, to the date of appointment of receiver. The petition further alleges that the receiver had collected large sums of money as rents of said premises and had disbursed divers sums of money for repairs and taxes and had in his hands a balance of $600, and shows that complainant and cross-complainant are about to dismiss their bill and cross-bill and that petitioner is entitled to the rents, issues and profits arising out of the premises and collected by the receiver from July 29, 1903, and that the possession of the premises should be turned over to petitioner upon the discharge of the receiver; and prays for an order on the receiver to file his account and make report of his actings and doings, and that the moneys collected by the receiver as rents of said premises be turned over to petitioner and that the compensation of the receiver be taxed against the complainant and others who may have been instrumental in procuring the appointment of the receiver and for general relief. The petition was verified. Attached to it is a copy of the conveyance set up therein.

On August 31, 1904, a decree was entered settling the

accounts of the receiver, approving his report, distributing the money in the hands of the receiver and ordering the receiver to deliver possession of the premises to the cross-complainant, Babette Mergentheim, whom the decree declared to be the owner of the equity of redemption. The decree declared that the claim of the complainant, Henry Deist, had been satisfied, that Nathan C. Dow Company, appellant, had acquired its rights, if any, *pendente lite* from Charles M. and Ella I. Bockoven, who, before any assignment of the lease by them, had lost all rights under the lease, and ordered that the petition of Nathan C. Dow Company be stricken from the files and dismissed, and that the original and amended bills and cross-bill be dismissed without costs to either party.

EDWARD B. HEALY, for appellants.

PRUSSING, BROWN & KING, for appellees; W. W. CASE, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Three questions are presented by this appeal: First, the appointment of a receiver over the property of appellants Bockovens without notice to them, and without making them parties to the original bill under which the appointment was made and without any showing in the bill or by affidavits in support thereof of an emergency for the appointment, no notice or attempt to give notice of the application to appellants being shown; second, the striking from the files the intervening petition of Nathan C. Dow Company, a claimant to the right of possession and to funds in the hands of the receiver; third, the adjudication of the rights of appellants Bockovens under their lease of the premises in question and to the funds in the receiver's hands by a decree dismissing the original and amended bills and the cross-bill.

No emergency is shown by the original bill under which the receiver was appointed or by the verification of it

which is by complainant's solicitor in the ordinary form of affidavit. The want of notice to appellants is not excused. No attempt even is made to excuse it. The statute requires notice to be given or a showing to be made that the rights of the complainant will be unduly prejudiced if an injunction is not issued, before any court or master shall grant an injunction. "The appointment of a receiver, without notice, with such powers as are conferred on the receiver by the order appealed from, is a much more serious matter than the granting a temporary injunction. In the latter case action is merely enjoined, while in the former the defendant may be summarily dispossessed of his property." Consolidated S. M. & M. Co. v. Loeber, 96 Ill. App. 128.

It is the settled practice both in England and America to require a moving party to give due notice to the defendant over whose effects he seeks the appointment of a receiver in order that his property may not be wrested from him upon an *ex parte* application. High on Receivers, 3d ed., sec. 111.

It is not an answer to this proposition to say that appellants are not in a position to raise the question for the reason that the only order appealed from is the final decree entered August 31, 1904. Appellants Bockovens were not made parties to the bill until December 4, 1902, and therefore had no opportunity to appeal from the order. Furthermore, the final decree disposes of the rents collected from the property and the possession of the property itself, through an adjudication upon the validity of appellants' lease. Thus the whole record of this case regarding the taking of the possession from the appellants and the disposition of the possession so taken is, we think, brought before us by this appeal.

The action of the court below was without warrant in law or equity and cannot be justified from any point of view. High on Receivers, 2nd ed., sec. 660.

The intervening petition showed that the Nathan C. Dow Company had a claim to the fund in the hands of the court. The petitioner had a right to file it, and it became the duty

of the court to hear and determine the right of the petitioner to the fund.   It was improper to dismiss the petition or strike it from the files the day after it was filed without a hearing.   Illinois Trust & Savings Bank, Ex'r., etc., v. Robbins, 96 Ill. App. 575.

The primal and fundamental reason why this decree cannot stand is that at the time when it was entered there existed no pleadings for it to stand upon.   The decree dismisses the original bill and amended bill and cross-bill and intervening petition, while at the same time it adjudicates the property rights of appellants.   The decree leaves no pleading in the record to sustain it.   Butler v. Brown, 205 Ill. 606; Dorn v. Geuder, 171 *id.*, 362.

The decree is reversed and the cause remanded.

*Reversed and remanded.*