**Edward Harper, Appellee, v. Lula May Sallee, Appellant.**

**Gen. No. 9,227.**

Heard in this court
at the June term, 1939.          Opinion
filed April 15, 1940.

MANN & STIFLER, of Danville, and ASA S. CHAPMAN, of Champaign, for appellant.

REARICK & REARICK, of Danville, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

This is an appeal by appellant, hereinafter called defendant, from an order of the circuit court of Vermilion county, authorizing the master to issue a deed to the appellee, hereinafter called the plaintiff, for an undivided two-thirds interest in defendant's farm, and ordering the sale of the remaining one-third interest so as to compel contribution by the defendant to the plaintiff for one-third the money paid, to redeem from a foreclosure sale of the farm in question.

The farm, containing 72 acres, was originally owned by William L. Sallee, the husband of the defendant. On March 22, 1928, William L. Sallee and his wife, Lula May Sallee, executed a mortgage to secure three thousand dollars ($3,000.00), which became the property of the Mutual Benefit Life Insurance Company, by assignment. Afterwards, on January 3, 1931, William L. Sallee, and his wife Lula May Sallee, executed a deed to a third person, and the third person in turn conveyed an undivided two-thirds of said land to Wil-

liam L. Sallee, and an undivided one-third to Lula May Sallee.

Subsequently on February 2, 1931, William L. Sallee and Lula May Sallee executed a second mortgage to secure a note for $6,885.25, which note was signed by William L. Sallee, and his son, Alva M. Sallee. This second mortgage was a lien upon the undivided two-thirds of the land owned by William L. Sallee only. Lula May Sallee joined in the junior mortgage to release her dower, but she did not sign the note.

After the junior mortgage was given, William L. Sallee died, and by his will devised all his property to Lula May Sallee, his widow (defendant), by virtue of which she became the owner of his undivided two-thirds of the land in question. The entire fee was covered by the first mortgage for three thousand dollars, and the undivided two-thirds which she acquired by the will, was also incumbered by the junior mortgage.

After the death of William L. Sallee, both mortgages fell into default. The Mutual Benefit Life Insurance Company instituted foreclosure proceedings on the first mortgage, cause number 21542, in the circuit court of Vermilion county. The Farmers' State Bank of Rossville, Indiana, holder of the junior mortgage, had failed, but its receiver was made a defendant in the foreclosure suit. He filed an answer and also filed a counterclaim, praying for foreclosure of the junior mortgage. A decree of foreclosure, under the first mortgage, was entered on the 23rd day of November, 1935, and on January 6, 1936, a sale was had thereon, at which sale the Mutual Benefit Life Insurance Company purchased said premises on a bid of three thousand dollars and received the usual certificate of purchase, bearing that date. On March 17, 1936, a decree was entered, foreclosing the junior mortgage upon the counterclaim, but no sale was ever had thereunder. The junior mortgage did not pledge the rents. The counterclaim did not pray for application of them and the decree made no disposition of them.

On January 4, 1937, Edward Harper, the plaintiff in this proceeding, who was not a party in the foreclosure suit and was not a creditor, obtained an assignment of the above mentioned unexecuted decree on the junior mortgage.

On January 5, 1937, the last day of the year subsequent to the sale above mentioned, he paid the sum of $3,180, the correct amount of the redemption money, to the master in chancery, and obtained a certificate of redemption, which was recorded. The holder of the certificate of purchase surrendered it and accepted the redemption money.

Edward Harper, having made the redemption, did not proceed to sell under the junior decree, but on the 18th day of May, 1937, he filed his complaint in this cause, making Lula May Sallee, party defendant, and prayed for an order directing the master in chancery to issue a deed to him for the entire premises covered by the certificate of purchase from which he redeemed.

The complaint set forth that the plaintiff was in possession of the premises in controversy. The defendant answered, admitting this averment, but averred that such possession was that of a trespasser. Defendant filed a counterclaim praying to be restored to possession and demanding an accounting from the plaintiff for all rents collected by him while withholding possession.

The court entered a decree holding that the redemption by Edward Harper did not destroy the legal effect of the master's sale, and that he is subrogated to the rights of the purchaser at that sale, in the land covered by his junior decree, and that he is entitled to a deed for that two-thirds interest. ,

The decree also held that as to the one-third owned by Lula May Sallee, the redemption by Edward Harper, "did not destroy her equity of redemption — and that she is entitled to her one-third, provided she makes contribution to Edward Harper by paying one-third of the redemption money, with interest," and

provides for the sale of Mrs. Sallee's one-third interest to make said sum, unless paid, in the usual form of foreclosure sales. The contribution money was not paid, and after the 30 days fixed in the decree, the master in chancery issued a deed to the plaintiff for the undivided two-thirds interest, and advertised and sold defendant's one-third interest to make the contribution money. By her appeal the appellant seeks to have the order authorizing the master to issue a deed to appellee for the undivided two-thirds of her farm, declared to be null and void, as well as all acts performed under it, and seeks an accounting for all rents collected by appellee during his possession on all the premises, and to have the decree reversed, which required her to contribute one-third of the redemption money.

Under our statute, redemptions fall into two classes, (1) redemptions within 12 months after the sale, and (2) redemptions after 12 months after the sale, and within 15 months. The effect upon the title to real estate of these two classes of redemption is entirely different. The difference may be stated to be that by redemption within the 12-months' period, no matter by whom made, no title is acquired by the redemptioner, whereas by virtue of a redemption properly made and completed after the 12-months' period the redemptioner acquires the title to the property. The statute gives the right to redeem within the 12-months' period to ''any defendant, his heirs, administrators, assigns or any person interested in the premises through or under the defendant.''

Where there is a redemption within one year, the statute provides such sale and certificate of purchase shall be null and void. Ill. Rev. Stat. 1939, ch. 77, sec. 18 [Jones Ill. Stats. Ann. 107.168]. The payment of the redemption money to the master in chancery and its acceptance by the certificate holder completely washed from the title the lien of the first mortgage, and the effect of the foreclosure and sale under the

first mortgage. *Hack v. Snow,* 338 Ill. 28; *Butler v. Brown,* 205 Ill. 606. By his redemption the plaintiff acquired exactly what the mortgagor would have acquired by redemption. That was, the abatement of the lien. *Morse v. Smith,* 83 Ill. 396. The certificate and sale, then, having been made void and nullified by the redemption, thereafter no valid deed could be issued upon the certificate. Payment of the debt destroyed the lien. *Haigh v. Carroll,* 209 Ill. 576, 580, 581; *Davis v. Dale,* 150 Ill. 239.

When the lien of the prior mortgage was destroyed by redemption, then the decree of sale entered upon the junior mortgage became effective. *Hack v. Snow, supra.* It then became plaintiff's right to proceed to make a sale under it, but there could be no sale under that decree without notice, and no conveyance after sale until after the period of redemption.

The plaintiff, in his brief, has confused the cases declaring the effect of a redemption after the expiration of one year from date of sale, with those cases dealing with redemption within one year. The sale on redemption after one year confirms the original sale, and substitutes the redemptioner to all the rights of the original purchaser. The cases cited in plaintiff's brief,— *Herdman v. Cooper,* 138 Ill. 583; *Sutherland v. Long,* 273 Ill. 309; *Lamb v. Richards,* 43 Ill. 312; *Keithley v. Interstate Bank & Trust Co.,* 154 Ill. App. 443,— apply to redemptions by a judgment creditor, after the expiration of one year, and are not authorities in this case.

The only rights the plaintiff had was by, under, and through the second mortgage. He was not a party to the suit and was not a creditor. He had a right to redeem from the sale under the first mortgage, within a 12-months' period, and had a lien on the premises for the amount of the redemption money, together with his rights under the decree of the second mortgage, and anyone redeeming from a sale under the junior decree

would be required, not only to pay the amount due under the junior decree, but in addition the amount paid for the redemption. Clearly this did not give him a right to an immediate deed without notice; without a sale under the junior decree, and without waiting for the period of redemption to expire thereon.

When a decree of foreclosure is entered, the mortgage and all its covenants are merged in the decree, and the instrument can only be enforced through the decree and according to its terms. It cannot be the basis of a new independent suit. *Wayman v. Cochrane,* 35 Ill. 151; *Lightcap v. Bradley,* 186 Ill. 510; *Schaeppi v. Bartholomae,* 217 Ill. 105, 110.

The defendant did not sign the note in the second mortgage, and there is no contract liability requiring her to pay it, and up to the time of a sale under the second mortgage, there is no obligation on her part to pay the one-third redemption money. If the defendant redeems from a sale under the second mortgage decree, she will be required to pay the redemption money as well as the amount due under said decree, but she is not called upon to make her election on this until after the sale, and this is no ground for selling her property to force contribution prior to a sale under the junior mortgage decree.

Where the equity of redemption is owned by a person who is not liable to pay the mortgage debt, and the rents have not been pledged by the mortgage, the rents belong to the owner of the equity of redemption, and the mortgagee cannot take them. *Standish v. Musgrove,* 223 Ill. 500; *Trustees of Schools of Township No. 27 v. Thompson,* 298 Ill. App. 386; *Clark v. Hall,* 303 Ill. App. 1, 24 N. E. (2d) 394.

We are of the opinion that the court erred in ordering the issuance of a master's deed for the two-thirds interest, and ordering the sale of defendant's one-third interest for contribution to the plaintiff for the redemption money, and that the complaint of the plain-

tiff is without equity and should be dismissed; that the defendant is entitled, on her cross complaint, to an accounting of the rents from the plaintiff for the time he has been in possession, and she is entitled to be awarded possession of the premises in question.

For the reasons herein indicated, the decree of the circuit court of Vermilion county is hereby reversed and cause remanded, with directions to dismiss the complaint of the plaintiff; cancel the master's deed for the two-thirds interest; set aside the master's sale; cancel the master's deed for the one-third interest; grant defendant the relief prayed for on her cross complaint for an accounting of the rents, and award her possession of the premises.

*Reversed and remanded with directions.*