Farmers State Bank, Rossville, Indiana, et al., Appellees, v. Lula May Sallee et al., Appellants.

Gen. No. 9,292.

Heard in this court at the April term, 1941. Opinion filed November 3, 1941.

MANN & STIFLER, of Danville, and ASA S. CHAPMAN, of Champaign, for appellants.

REARICK & REARICK, of Danville, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

Litigation between the above-named parties has been before this court on a previous decree and the facts on that appeal are fully set forth in *Harper v. Sallee,* 305 Ill. App. 85. A certificate of importance was granted and the case reviewed by the Supreme Court of Illinois in vol. 376 Ill. 540. The opinion in that case relates clearly and concisely the history of this litigation, so that the following statement is in a measure copied from the language of the Supreme Court.

On March 28, 1928 William L. Sallee and his wife, Lula May Sallee, one of the appellants on this appeal, mortgaged 72 acres of land and both signed the mortgage note for $3,000. This note and mortgage later became the property of the Mutual Benefit Life Insurance Company. On December 24, 1930 reconveyances were made so that an undivided two-thirds inter-

est was deeded to Sallee and one third to his wife, the said appellant. On February 2, 1931, Sallee gave a second mortgage on his two-thirds interest to the State Bank of Rossville, Indiana, which secured a note in the sum of $6,885.25, signed by him and his son, Alva M. Sallee. Lula May Sallee signed the mortgage, but not the note. William L. Sallee died testate on September 2, 1931 and by his will devised all of his property to appellant, Lula May Sallee. Later the insurance company foreclosed the first mortgage, making the bank, as the owner and holder of the second mortgage, one of the defendants. By its answer and counterclaim the bank prayed foreclosure of the second mortgage on the undivided two-thirds interest in the land. The foreclosure decree provided for sale of the premises on the first mortgage upon default of payment in the amount found due. No payment being made the master sold the premises which were bid in by the insurance company.

On March 17, 1936, in the same suit, the bank obtained a decree for foreclosure of the second mortgage on the undivided two-thirds interest it covered. On January 4, 1937, the appellee, Edward Harper, obtained an assignment of the said decree and on the next day, being within 12 months from the sale under the first foreclosure decree, redeemed said undivided two-thirds interest formerly owned by William L. Sallee from the first mortgage sale.

On March 1, 1937, appellee, Edward Harper, took possession of the 72 acres without the consent of Mrs. Sallee and has retained it ever since.

Edward Harper then filed a suit on May 18, 1937 asking that he be given a deed to the two-thirds interest covered by his second mortgage; that Mrs. Sallee be ordered to contribute one third of the redemption money by a short day and that in default of such payment, her one-third interest be sold. To such com-

plaint Mrs. Sallee filed a counterclaim charging Harper with being a trespasser and that she was entitled to possession. She further asked that he be compelled to account to her for rents during his possession and that he be ordered to surrender the land.

The chancellor found in favor of the complainant but that decree was reversed by this court, 305 Ill. App. 85 and the Supreme Court in 376 Ill. 540, affirmed the action of this court in directing the circuit court to dismiss the complaint for want of equity and to grant the prayer of appellant's counterclaim. That court specifically held that where no sale was had under decree to foreclose second mortgage, the appellee, Edward Harper, as assignee of such decree, and having redeemed from the foreclosure of prior lien, was not entitled to a deed. Also that where he entered upon the land without the consent of the first mortgagor's devisee he was a mere trespasser. After the decree was entered by the circuit court in that case the appellant, Lelia M. Hays, acquired title to the unincumbered one third of the land by conveyance from Lula May Sallee.

In the decree in this case awarding foreclosure of the second mortgage, dated March 17, 1936, it was provided as follows:

"And it is further ordered, adjudged and decreed that if the money arising from said sale shall be insufficient to pay the amount so due the counterclaimant herein, with interest aforesaid, after deducting the costs and expenses of sale, as aforesaid, that said Master specify the amount of such deficiency in his report of sale, and that on the coming in and confirmation of said report, that said deficiency shall be established as a lien upon the rents, issues and profits of said mortgaged premises, accruing during the period of redemption after sale under this decree, subject to the rights of the plaintiff in this cause; and the Court finds that

Alva M. Sallee is personally liable to pay said deficiency."

Pursuant to the terms of said decree the master in chancery on January 20, 1941 sold the undivided two-thirds interest in the land at public sale and Edward Harper became the purchaser. After the sale there was a deficiency existing in the amount of $1,280.67. In accordance with the decree there was a personal deficiency judgment entered against Alva M. Sallee for said amount, and it was further ordered by the court:

"It is further ordered, adjudged and decreed by this Court that said Edward Harper, assignee of Farmers State Bank, Rossville, Indiana, have and he is hereby given a lien upon the rents, issues and profits of said mortgaged premises accruing during the period of redemption after January 20, 1941, the date of sale, until said deficiency of One Thousand Two Hundred Eighty and 67/100 ($1,280.67) Dollars, with lawful interest from January 20, 1941 is satisfied."

Thereupon Edward Harper, appellee, filed his petition for the appointment of a receiver, setting up the above facts as a basis for such appointment, and also alleging the insolvency of Alva M. Sallee. The petition prayed for a receiver for the undivided two-thirds interest with the usual powers and duties of a receiver in chancery. The court denied a motion by Lula May Sallee to dismiss the petition and on February 4, 1941 named the First National Bank of Danville as receiver of the two-thirds interest in the land. On February 13, 1941 the court granted said petition over the objection of appellants and entered an order providing therein for the following: That the prayer of the receiver's petition to lease be granted; that the motion of Lula May Sallee to set aside the master's sale and to cancel the certificate of purchase, be denied; that upon the giving of a plaintiff's bond in the

sum of $500, the motion to dismiss for want of bond be denied; that the objection to the proposed lease made by appellants be overruled and the motion of Lelia M. Hays to vacate the order appointing a receiver and asking leave to plead, be denied.

It is contended by the appellants that the court was without jurisdiction to enter the decree on March 17, 1936 in this suit, because more than 30 days had expired since the confirmation of the sale under the first mortgage and therefore the court lost jurisdiction of the entire subject matter of the suit and the parties thereto. However, the minute order entered by the trial judge at the time of the entry of the original decree provided for the foreclosure of the second mortgage ''as per written decree'' which was sufficient memoranda upon which to base the decree of March 17, 1936. *Brown v. Hamsmith*, 247 Ill. App. 358.

It is the further position of the appellants that the petition for the appointment of a receiver does not set up sufficient grounds to authorize the court to make any such appointment. There was no appeal from the decree of March 17, 1936, which provided that if a deficiency was established it should be a lien upon the rents, issues and profits from the mortgaged premises during the period of redemption. The master's report of sale showed a deficiency of $1,280.67 and a deficiency judgment entered against Alva M. Sallee by the decree, confirming the master's report of sale. This decree also provided that Edward Harper, as assignee of the bank, be given a lien upon the rents, issues and profits from the mortgaged premises during the period of redemption until said deficiency was fully paid. No appeal was taken from any of said orders. Even though there was no express pledge of the rents in the mortgage instrument, a court may appoint a receiver to take charge of the property and collect the rents arising therefrom, where it appears

that the property is insufficient security and that the party personally liable is insolvent. *First Nat. Bank v. Illinois Steel Co.*, 174 Ill. 140.

It is also urged by appellants that where rents have not been pledged and where the owner of the equity of redemption is not personally liable to pay the mortgage debt and there is no deficiency against him the rents belong to the owner of the equity and the mortgagee cannot take them. In the case of *Lancaster v. Prussing*, 139 App. 33 the principal debtor and owner of the equity in a foreclosure case became deceased prior to foreclosure. Springer, one of the defendants, was a tenant and also obligated on the notes. After sale there was a deficiency established and a judgment for same entered against Springer. The court held that in the absence of a provision in the trust deed pledging the rents as security where the premises do not sell for enough to satisfy the decree and there is a decree for the deficiency, it is correct practice to apply to the satisfaction of such deficiency decree, through a receiver, rents which may be derived from the premises during the redemption period. The case was affirmed by the Supreme Court in 234 Ill. 462.

All the decrees and orders of the court involved in this appeal have specific reference to the two-thirds undivided interest in the land which was expressly mortgaged by the second lien, and therefore Lelia M. Hays, the present owner of the other one-third interest was not a necessary party to the petition for the appointment of a receiver.

While under the decision of the Supreme Court in *Harper v. Sallee*, 376 Ill. 540, Edward Harper, the appellee, was found to be a trespasser, he later foreclosed the second mortgage and by regular and orderly procedure through the circuit court has acquired rights which he did not have in the independent suit above mentioned.

Believing that the trial court ruled correctly in the appointment of a receiver and in his rulings contained in the order of February 13, 1941 the action of said court is hereby affirmed.

*Affirmed.*